(No. 58014.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EDWARD MATKOVICK, Appellee.

*Opinion filed March 23, 1984.*

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert, Jack Donatelli, and Michael B. Wein-

stein, Assistant Attorneys General, of Chicago, of counsel), for the People.

Corinne Hallett, Deputy Public Defender, of Wheaton (William I. Ferguson, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Edward Matkovick, was charged by information with the offense of unlawful distribution of a "look-alike substance." (Ill. Rev. Stat., 1982 Supp., ch. 56½, par. 1404(b).) The circuit court of Du Page County allowed defendant's motion to dismiss the charge on the ground that section 404(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat., 1982 Supp., ch. 56½, par. 1404(b)) was unconstitutional and the People appealed. 87 Ill. 2d R. 603.

Prior to review of the issues presented, we consider defendant's motion to strike certain portions of an appendix to the People's brief. Defendant moved to strike a document designated "Findings of The Illinois Dangerous Drugs Advisory Council Special Committee on Look-Alike Drugs, March 1982," and several pages from a report of the United States Department of Justice Drug Enforcement Administration.

Defendant contends that the above-described material should be stricken because it was not made part of the record in the circuit court. In support of his contention defendant cites *People v. Lutz* (1982), 103 Ill. App. 3d 976, and *People v. Yarbrough* (1982), 103 Ill. App. 3d 967, *rev'd on other grounds* (1982), 93 Ill. 2d 421, in which the appellate court held that certain studies on the effect of mace on human test subjects (*Lutz*) and the credibility of eyewitness testimony (*Yarbrough*) were not properly before the court.

Citing *Finish Line Express, Inc. v. City of Chicago*

(1978), 72 Ill. 2d 131, the People argue that the material was properly included in its brief. In *Finish Line* it was held that a report of the Legislative Investigating Commission was a public record of which judicial notice may be taken. The reports from the Dangerous Drugs Advisory Council and from the United States Department of Justice Drug Enforcement Administration are public records (see Ill. Rev. Stat. 1981, ch. 116, par. 43.103; Ill. Rev. Stat. 1981, ch. 91½, par. 120.4—1 *et seq.*; 21 U.S.C.A. sec. 1111 (West 1981)) and judicial notice may be taken of them. (*Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 136; *Gadlin v. Auditor of Public Accounts* (1953), 414 Ill. 89, 94.) The motion to strike from the Attorney General's brief the challenged reports, and references thereto, is denied.

The information charged that defendant "did *** within Du Page County, Illinois, commit the offense of UNLAWFUL DISTRIBUTION OF LOOK-ALIKE SUBSTANCE in that the said defendant, Edward Matkovick, knowingly and unlawfully distributed to Michael Tellone a substance which he, Edward Matkovick, represented to Michael Tellone to be a controlled substance, amphetamine ***."

Section 404(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat., 1982 Supp., ch. 56½, par. 1404(b)) provides:

"(b) It is unlawful for any person knowingly to manufacture, distribute, advertise, or possess with intent to manufacture or distribute a look-alike substance. Any person who violates this subsection (b) shall be guilty of a Class 3 felony, the fine for which shall not exceed $20,000." Ill. Rev. Stat., 1982 Supp., ch. 56½, par. 1404(b).

Section 102(z) of the Act provides:

"(z) 'Look-alike substance' means a substance, other than a controlled substance or a drug for which a pre-

scription is required under federal or State law, which (1) by overall dosage unit appearance, including shape, color, size, markings or lack thereof, taste, consistency, or any other identifying physical characteristic of the substance, would lead a reasonable person to believe that the substance is a controlled substance, or (2) is expressly or impliedly represented to be a controlled substance or is distributed under circumstances which would lead a reasonable person to believe that the substance is a controlled substance. For the purpose of determining whether the representations made or the circumstances of the distribution would lead a reasonable person to believe the substance to be a controlled substance under this clause (2) of subsection (z), the court or other authority may consider the following factors in addition to any other factor that may be relevant:

(a) Statements made by the owner or person in control of the substance concerning its nature, use or effect;

(b) Statements made to the buyer or recipient that the substance may be resold for profit;

(c) Whether the substance is packaged in a manner normally used for the illegal distribution of controlled substances;

(d) Whether the distribution or attempted distribution included an exchange of or demand for money or other property as consideration, and whether the amount of the consideration was substantially greater than the reasonable retail market value of the substance.

Clause (1) of this subsection (z) shall not apply to a noncontrolled substance in its finished dosage form that was initially introduced into commerce prior to the initial introduction into commerce of a controlled substance in its finished dosage form which it may substantially resemble." Ill. Rev. Stat., 1982 Supp., ch. 56½, par. 1102(z).

In holding the statute unconstitutional the circuit court found that it was not reasonably related to the protection of the public health, safety and welfare, and violated due

process. It is the People's contention that the circuit court erred in holding the statute invalid. Defendant contends here that section 404(b) is invalid by reason of vagueness and overbreadth.

In support of their contention that the circuit court erred in holding that section 404(b) was "not reasonably related to the protection of the public health, safety and welfare," and, thus, a violation of due process, the People argue that the proper test for due process is found in *People v. Bradley* (1980), 79 Ill. 2d 410, 417, where the court stated:

> "It is the general rule that the legislature, under the State's police power, has wide discretion to prescribe penalties for defined offenses. (*People v. Dixon* (1948), 400 Ill. 449, 453.) The legislature's power to fix penalties is, however, subject to the constitutional proscription which prohibits the deprivation of liberty without due process of law. [Citations.]
>
> > 'We have consistently stated that the standard of a proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.' (*Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159.)
>
> The test, thus, focuses on the purposes and objectives of the enactment in question."

The People argue that under this test the circuit court should have examined the purposes and objectives of section 404 in determining whether the statute was reasonably designed to remedy any evils found by the General Assembly to be a threat to the public health, safety and general welfare. The People argue that in *People v. Calcaterra* (1965), 33 Ill. 2d 541, 545, the court determined that a statute making it a criminal offense to sell a nonnarcotic substance discouraged illicit traffic in narcotics and was reasonably related to the public safety and welfare. See

also *People v. Hicks* (1963), 222 Cal. App. 2d 265, 272, 35 Cal. Rptr. 149, 153.

Defendant attempts to distinguish *Calcaterra* by arguing that the language of section 404 differs from section 38 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1961, ch. 38, par. 22-40), which was considered in *Calcaterra*. Although the language is somewhat different, we do not agree that this difference makes *Calcaterra* inapposite for purposes of the due process analysis outlined in *Bradley*. It appears that both statutes seek to attack the same evil in a similar manner. We hold, therefore, that the statute is not void on the due process ground that it is not a proper exercise of the police power.

Defendant contends next that section 404(b) is unconstitutionally vague.

The People argue that the analysis applied in *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 71 L. Ed. 2d 362, 102 S. Ct. 1186, should be followed here. In *Hoffman Estates*, the court considered the constitutionality of an ordinance regulating drug paraphernalia. The challenge to the ordinance was that it was unconstitutionally vague and overbroad. The court began its analysis by determining whether the ordinance reached constitutionally protected conduct and rejected the contention that the ordinance infringes upon first amendment rights.

Defendant argues that section 404(b) has an unconstitutional "chilling" effect on fundamental first amendment rights. Defendant asserts that students who display imitation narcotics in exhibits at science fairs, demonstrators who use tea leaves in a display calling for the legalization of marijuana, anyone who gives a few aspirin, vitamin, or saccharin tablets to a friend, and every television show or movie which uses "look-alike substances" to portray alternative lifestyles is in violation of section 404. Defendant contends that these examples are instances of "symbolic

speech" that would be chilled by section 404(b). We disagree. The uses suggested by defendant would hardly, as required by the statute, "lead a reasonable person to believe the substance to be a controlled substance." Ill. Rev. Stat., 1982 Supp.; ch. 56½, par. 1102(z).

In *Hoffman Estates*, the court next considered whether the ordinance was unduly vague in violation of due process. The court stated:

> "To succeed, however, the complainant must demonstrate that the law is impermissibly vague in all of its applications. ***.
>
> The standards for evaluating vagueness were enunciated in *Grayned v. City of Rockford* [(1972), 408 U.S. 104, 108-09, 33 L. Ed. 2d 222, 227-28, 92 S. Ct. 2294, 2298-99]:
>
>> 'Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.' " (*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 497-98, 71 L. Ed. 2d 362, 371, 102 S. Ct. 1186, 1193.)

Defendant has failed to show that the statute is vague as applied to the conduct described in the police reports which were filed in answer to his motion for discovery. Defendant has therefore failed to meet the requirement of *Hoffman Estates* that the statute is vague in all its applications. The statute prohibits the distribution of a "look-alike substance" and the definition of a look-alike substance includes

substances that are represented to be a controlled substance or are distributed under circumstances which would lead a reasonable person to believe that the substance is a controlled substance. The statute also includes factors that may be considered in determining whether a reasonable person would believe that the substance is a controlled substance. These factors include statements made by the person in control of the substance concerning its nature, statements made to the buyer that the substance may be resold for profit, and whether the consideration exchanged for the substance was substantially greater than the reasonable retail market value of the substance.

The preceding definition would clearly include the situation alleged in the police reports where a policeman attempted to make a "buy" from an individual purportedly selling illegal drugs, and after the dealer clearly represents that he is selling amphetamines, and after money is exchanged for the substance, it was discovered through laboratory testing that the substance is not amphetamines but a noncontrolled substance, namely ephedrine.

Since conduct is alleged to which the statute clearly applies, defendant's facial challenge to the vagueness of the statute must fail. Defendant proposes various hypothetical situations to which the statute as applied may be vague. But, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." (*United States v. Mazurie* (1975), 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714.) This court, in discussing the constitutionality of section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(7)), stated:

"There may be borderline cases in which uncertainty will exist as to whether a particular device is covered by the statute. However, these possibilities do not affect the constitutionality of the statute with respect to activity about which there is no uncertainty. (*United States v.*

*Wurzbach* (1930), 280 U.S. 396, 399, 74 L. Ed. 508, 510, 50 S. Ct. 167, 169; *People v. Witzkowski* (1972), 53 Ill. 2d 216, 219; *People v. Vandiver* (1971), 51 Ill. 2d 525, 530.) A person charged with conduct clearly prohibited by a statute has no standing to challenge the statute on the ground of vagueness. (*Parker v. Levy* (1974), 417 U.S. 733, 41 L. Ed. 2d 439, 94 S. Ct. 2547.)" (*People v. Greene* (1983), 96 Ill. 2d 334, 339.)

Since defendant has not shown that the statute does not clearly prohibit the conduct with which he was charged, we decline to examine defendant's hypotheticals.

Defendant next contends that the sentencing provision in the Illinois Controlled Substances Act is unconstitutionally disproportionate. (See *People v. Wagner* (1982), 89 Ill. 2d 308.) We note, however, that there has been no adjudication of guilt here and no sentence imposed. In *People v. Haron* (1981), 85 Ill. 2d 261, 280, this court stated, under similar circumstances, that it could make no pronouncement concerning the reasonableness of the penalties attached to a statute, since such pronouncement would be rendered gratuitous by a subsequent adjudication of not guilty. Defendant contends that the sentencing provisions here are contrary to the United States Constitution's eighth amendment prohibition of cruel and unusual punishment. Since defendant has not been subjected to any punishment, his contentions are premature and, thus, he lacks standing to attack the challenged provisions. See *People v. Haron* (1981), 85 Ill. 2d 261, 280; but see *People v. Mayberry* (1976), 63 Ill. 2d 1, 8.

For the reasons stated, the judgment of the circuit court of Du Page County is reversed and the cause is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*