(No. 78983.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HEATHER K. MILLER, Appellee.

*Opinion filed March 28, 1996.*

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Michael A. Hurst, Assistant Attorneys General, of Chicago, of counsel), for the People.

David H. Towns, of Belvidere, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Heather K. Miller, was charged by information in the circuit court of Boone County with concealing a fugitive in violation of section 31—5 of the Criminal Code of 1961 (720 ILCS 5/31—5 (West 1994)). Defendant filed a motion to dismiss the information. The circuit court granted the motion, holding that the concealment statute was unconstitutional under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The State appealed directly to this court. 134 Ill. 2d R. 603.

## BACKGROUND

The facts may be briefly stated. Rick D. Goodwin stole one of defendant's credit cards and charged long distance telephone calls. Defendant was the complaining witness in this theft. A warrant was issued for Goodwin's arrest. On October 20, 1994, while the arrest warrant was outstanding, defendant drove Goodwin and another friend to a Hardees restaurant. Shortly after the three left Hardees in defendant's car, Belvidere police officers stopped defendant's car and discovered Goodwin secreted in the trunk of the car. Goodwin was arrested for theft of property under $300 in value (720 ILCS 5/16—1 (West 1994)) and ultimately convicted of a Class A misdemeanor.

Defendant was charged by information with concealing a fugitive, a Class 4 felony, in violation of the concealment statute (720 ILCS 5/31—5 (West 1994)), which provides:

"Concealing or Aiding a Fugitive. Every person not standing in the relation of husband, wife, parent, child, brother or sister to the offender, who, with intent to prevent the apprehension of the offender, conceals his knowledge that an offense has been committed or harbors, aids or conceals the offender, commits a Class 4 felony."

Prior to trial, defendant filed a motion to dismiss the felony information. She argued that the concealment statute violated the due process and proportionate penalties clauses of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 11) because, under the statute, she was subject to a more severe punishment than the fugitive she was accused of concealing. A person convicted of a Class 4 felony can be punished by a penalty of up to one to three years' confinement (730 ILCS 5/5—8—1(a)(7) (West 1994)) and a fine not to exceed $10,000 (730 ILCS 5/5—9—1(a)(1) (West 1994)). A person convicted of a Class A misdemeanor can be punished by a penalty of less than one year's confinement (730 ILCS 5/5—8—

3(a)(1) (West 1994)) and a fine not to exceed $1,000 (730 ILCS 5/5—9—1(a)(2) (West 1994)).

After argument on defendant's motion, the trial judge dismissed the felony information. The trial judge found that the concealment statute is constitutional when applied to one who conceals a felon because the Class 4 felony penalty would be the lowest felony penalty possible. The trial judge found, however, that, because the penalty for a felony is more severe than that for a misdemeanor, the felony concealment statute is unconstitutional when applied to one who conceals a misdemeanant. The trial judge also believed that the legislature did not intend for the concealment statute to apply to one who conceals a misdemeanant. The State appealed directly to this court (134 Ill. 2d R. 603), and we now reverse the judgment of the circuit court.

## DISCUSSION

The issue presented is whether the concealment statute providing for a Class 4 felony penalty is constitutional when the violation of the statute charged results from the concealment of a misdemeanant. We initially note that the legislature has wide discretion in defining crimes and prescribing penalties for those crimes. *People v. P.H.*, 145 Ill. 2d 209, 233 (1991); *People v. Upton*, 114 Ill. 2d 362, 373 (1986). Furthermore, a statute is presumed constitutional and the party challenging the statute bears the burden of showing its invalidity. *People v. La Pointe*, 88 Ill. 2d 482, 499 (1981).

Defendant relies on the due process and proportionate penalties clauses of the Illinois Constitution to establish the invalidity of the concealment statute. The due process clause provides in part that "[n]o person shall be deprived of life, liberty or property without due process of law ***." Ill. Const. 1970, art. I, § 2. Under the due process clause, a court requires that the penalty prescribed for a particular crime be "reasonably

designed to remedy the evils that the legislature has determined to be a threat to the public health, safety, and general welfare." *People v. Hickman*, 163 Ill. 2d 250, 259 (1994); *People v. Steppan*, 105 Ill. 2d 310, 319 (1985); *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 159 (1955); see also *People v. Wick*, 107 Ill. 2d 62, 65-66 (1985) (discussing standard).

The proportionate penalties clause provides in part that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The question on review under the proportionate penalties clause is whether the penalty is so cruel, degrading or disproportionate to the offense committed as to shock the moral sense of the community. *Hickman*, 163 Ill. 2d at 259-60; *Steppan*, 105 Ill. 2d at 320, quoting *People v. Gonzales*, 25 Ill. 2d 235, 240 (1962).

Defendant claims that the concealment statute violates these constitutional provisions because, under the statute, she is subject to a greater penalty for concealment of a misdemeanant than she would have been subjected to had she committed a more serious offense. *People v. Wisslead*, 94 Ill. 2d 190, 196 (1983) (the policy underlying the due process and proportionate penalties provisions would be violated if a more serious penalty was provided for a less serious offense).

In support, defendant first contends that the fugitive's misdemeanor offense is a more serious offense than her felony offense. Specifically, defendant notes that the source of the concealment statute is the former accessory-after-the-fact statute (Ill. Rev. Stat. 1959, ch. 38, par. 584) and that, by its nature, an accessory-after-the-fact offense must be less serious than the principal offense. Defendant's reliance on the former accessory-after-the-fact statute is misplaced. The legislature has

since repealed the accessory-after-the-fact statute and replaced it with the concealment statute, which does not define offenders in terms of principals or accessories (720 ILCS 5/31—5 (West 1994)).

The act of concealing a fugitive affects governmental functions (720 ILCS 5/30—1 through 33—3 (West 1994)) and, specifically, interferes with public officers (720 ILCS 5/31—1 *et seq.* (West 1994)). One who conceals a fugitive thwarts the criminal justice process, increases the cost and time necessary to apprehend a fugitive, practices deception, and potentially risks harm to other victims. Given these evils, the legislature may have reasonably believed that the offense of concealing a fugitive is a more serious offense than a fugitive's misdemeanor offense.

Defendant next contends that the misdemeanor offense of aiding the escape of a misdemeanant (720 ILCS 5/31—7(c) (West 1994)) is at least equally as serious an offense as her felony offense. Under the aiding-escape statute, the penalty for an offense is tailored to that of the escapee's underlying offense. See 720 ILCS 5/31—7(b), (c) (West 1994) (one who aids a misdemeanant in escaping from a penal institution commits a misdemeanor while one who similarly aids a felon commits a felony). Defendant concludes that the penalty for concealing a misdemeanant should not be more severe than that for aiding the escape of a misdemeanant.

The legislature, however, may have believed that the offense of concealing a misdemeanant is more widespread than the offense of aiding a misdemeanant's escape, and thus provided a more stringent penalty provision. *Steppan*, 105 Ill. 2d at 320 (to halt an increase in the commission of a particular crime, the legislature may perceive a need to enact a more stringent penalty provision). In addition, the legislature may have believed that, at the time of the offense, a person aiding an escape

would be more likely than a person concealing a fugitive to know whether the underlying offender was a felon or a misdemeanant. The legislature may have believed that a person who is willing to conceal a fugitive without knowing whether the fugitive would be charged with a misdemeanor or a felony deserves a more severe penalty than that provided for one who aids the escape of a misdemeanant.

Accordingly, we reject defendant's constitutional challenges. We believe that the concealment statute is reasonably designed to protect the general public against the commission of crimes involving the concealment of felons and misdemeanants. In addition, given the nature of the offense, we are unable to find that the Class 4 felony penalty is so disproportionate to the offense of concealing a fugitive, whether that fugitive is later charged with a misdemeanor or a felony, as to shock the moral sense of the community. We note that defendant's reliance on *People v. Donelson*, 45 Ill. App. 3d 609, 612 (1977) (court discussed hypothetical to demonstrate the drastic result it believed would flow from a concealment conviction based on passive conduct), is misplaced. In the case before us, the State has alleged that defendant took affirmative action to conceal the fugitive.

Finally, defendant asserts that the legislature did not intend for the concealment statute to apply when one conceals a misdemeanant. Defendant contends that, according to the history of the concealment statute and committee comments, the offense of concealing a fugitive is the same as the former accessory-after-the-fact offense (Ill. Rev. Stat. 1959, ch. 38, par. 584) and that the elements of both offenses are the same except for a distinction not relevant here. 720 ILCS Ann. 5/31—5, Committee Comments—1961, at 485 (Smith-Hurd 1993). Defendant asserts that, under the former accessory-

after-the-fact statute, one of the elements of the offense was that the person concealed must have been a felon. Defendant concludes that the intent of the legislature was for the concealment statute to similarly apply only to cases in which the principal commits a felony.

As stated earlier, however, the accessory-after-the-fact statute was repealed and replaced by the concealment statute, effective January 1, 1962. Unlike the former accessory-after-the-fact statute, which expressly limited its application to those who concealed a "principal felon" (Ill. Rev. Stat. 1959, ch. 38, par. 584), the concealment statute criminalizes the act of concealing an "offender" (720 ILCS 5/31—5 (West 1994)). The term "offense" is defined in the Criminal Code of 1961 as "a violation of any penal statute of this State" (720 ILCS 5/2—12 (West 1994)), which includes felonies and misdemeanors. We similarly believe that the term "offender," as used in the concealment statute, refers to one who violates any Illinois penal statute. By omitting the phrase "principal felon" and using the term "offender," it is clear that the legislature intended to broaden the concealment statute to include as an offense the concealment of both felons and misdemeanants.

## CONCLUSION

For the reasons set forth above, we find that the concealment statute (720 ILCS 5/31—5 (West 1994)) comports with the due process and proportionate penalties clauses of the Illinois Constitution. We further find that the legislature intended for the concealment statute to apply to those who conceal misdemeanants. The judgment of the circuit court of Boone County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*