(No. 90976

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. DAVID WALDEN, Appellee.

*Opinion filed April 18, 2002.—Rehearing denied May 29, 2002.*

James E. Ryan, Attorney General, and John Schmidt,
State's Attorney, both of Springfield (Joel D. Bertocchi,

Solicitor General, and William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Susan M. Wilham and Robert N. Markfield, Assistant Defenders, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The issue presented is whether the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2), (b) (West 2000)) is valid and enforceable. We hold that it is not.

## BACKGROUND

Defendant, David Walden, was charged by information with one count of armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2) (West 2000)). Although armed robbery is classified generally as a Class X felony, subsection (b) of the armed robbery statute provides that, for armed robberies while in possession of a firearm, "15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2(b) (West 2000). Prior to trial, defendant moved to dismiss the information, arguing that the 15-year enhancement violates numerous constitutional provisions, including the proportionate penalties clause and the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11; art. II, § 1). Defendant also argued that the 15-year increase constitutes an unlawful double enhancement. The circuit court of Sangamon County agreed with defendant's proportionate penalties, separation of powers, and double enhancement arguments and dismissed the information. The State immediately appealed under Supreme Court Rule 604(a)(1)

(145 Ill. 2d R. 604(a)(1)). Because the trial court's ruling invalidates a statute of this state, the appeal was taken directly to this court. 134 Ill. 2d R. 603.

## ANALYSIS

### Standard of Review

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. *In re K.C.*, 186 Ill. 2d 542, 550 (1999). This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000). Whether a statute is constitutional is a question of law that we review *de novo*. *Malchow*, 193 Ill. 2d at 418.

### Proportionate Penalties

We first consider the trial court's conclusion that the 15-year enhancement violates the proportionate penalties clause of the Illinois Constitution. In evaluating statutory challenges brought under that clause, this court has employed three distinct tests. First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. *People v. Bailey*, 167 Ill. 2d 210, 236 (1995). Second, a penalty violates the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely. *People v. Davis*, 177 Ill. 2d 495, 503 (1997). Third, the proportionate penalties clause is violated when identical offenses are given different sentences. *People v. Lewis*, 175 Ill. 2d 412, 418-19 (1996). Here, defendant argues that the trial court's decision is defensible under all three proportionate penalties tests. We need not address the first and third of these tests, however, as the second test is clearly dispositive.

The "similar offenses" that defendant asks us to compare are armed robbery while in possession of a firearm and armed violence predicated upon aggravated robbery. The relevant portion of the armed robbery statute provides that:

> "(a) A person commits armed robbery when he or she [commits a robbery]; and
>
> \*\*\*
>
> (2) he or she carries on or about his or her person or is otherwise armed with a firearm[.]" 720 ILCS 5/18—2(a)(2) (West 2000).

Robbery, in turn, is defined as the taking of property, except a motor vehicle, from the person or presence of another by the use of force or by threatening the imminent use of force. 720 ILCS 5/18—1 (West 2000). To commit armed violence predicated upon aggravated robbery, a person must (1) commit a robbery, (2) indicate to the victim that he or she is presently armed with a firearm or other dangerous weapon, and (3) in fact be armed with a firearm or other dangerous weapon. 720 ILCS 5/18—5(a), 33A—2(a) (West 2000).

Before we can compare the relative seriousness of these two offenses, we first must determine whether they share "common statutory purposes." See *People v. Lombardi*, 184 Ill. 2d 462, 476 (1998). This is because, with respect to offenses that are enacted for different purposes, we presume that the legislature considered different factors in establishing the respective punishments and we defer to that legislative judgment. *Lombardi*, 184 Ill. 2d at 476. Here, the two offenses at issue clearly share a common statutory purpose. With respect to armed robbery while in possession of a firearm, the legislature specifically found that:

> "The use of a dangerous weapon in the commission of a felony offense poses a much greater threat to the public health, safety, and general welfare, than when a weapon is not used in the commission of the offense." 720 ILCS 5/33A—1(a)(1) (West 2000).

Based upon this finding, the legislature made the following statement of legislative intent:

> "In order to deter the use of firearms in the commission of a felony offense, the General Assembly deems it appropriate for a greater penalty to be imposed when a firearm is used or discharged in the commission of an offense than the penalty imposed for using other types of weapons and for the penalty to increase on more serious offenses." 720 ILCS 5/33A—1(b)(1) (West 2000).[1]

As for armed violence, this court has explained that the legislative purpose of that statute is "to deter felons from using dangerous weapons, thereby minimizing the deadly consequences which may result when a felony victim resists." *People v. Smith*, 191 Ill. 2d 408, 412 (2000); see also *People v. Condon*, 148 Ill. 2d 96, 109 (1992). Thus, armed robbery while in possession of a firearm and armed violence predicated upon aggravated robbery share an identical statutory purpose: to deter the use of firearms in the commission of felonies.

Having concluded that the two offenses share an identical statutory purpose, we next must determine whether one offense is more serious than the other. This is not a difficult inquiry, as armed violence predicated upon aggravated robbery is clearly the more serious offense. Both offenses require (1) the taking of property from the person or presence of another, (2) the use of force or the threat of imminent use of force, and (3) the possession of a firearm. But armed violence predicated upon aggravated robbery also requires that the offender, while using or threatening the imminent use of force, inform the victim that he or she is presently armed with a firearm. Thus, armed robbery while in possession of a

---

[1]Although codified as part of the armed violence statute, these legislative findings were enacted as part of Public Act 91—404 (Pub. Act 91—404, eff. January 1, 2000), which enhanced the penalty for numerous offenses committed while in possession of a firearm, including armed robbery.

firearm may be committed while carrying a concealed firearm that is neither revealed nor even mentioned to the victim. Armed violence predicated upon aggravated robbery, by contrast, cannot be committed unless the offender's use or threatened use of force is accompanied by the mention of a firearm in the offender's immediate possession. Clearly, the risk of violence is enhanced where the offender's use or threatened use of force is backed up with the express mention of a firearm.

Our final inquiry, then, is whether armed robbery while in possession of a firearm is punished more or less severely than armed violence predicated upon aggravated robbery. Again, although armed robbery is classified generally as a Class X felony punishable by 6 to 30 years in prison, subsection (b) of the armed robbery statute provides that, for armed robberies committed while in possession of a firearm, "15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2(b) (West 2000). Thus, in reality, armed robbery while in possession of a firearm is punishable by 21 to 45 years in prison. Armed violence predicated upon aggravated robbery is a Class X felony punishable by either 10 to 30 or 15 to 30 years in prison, depending upon the type of firearm used in the offense. 720 ILCS 5/33A—3(a), (a—5) (West 2000). Thus, it is the less serious offense—armed robbery while in possession of a firearm—that is punished more severely. The 15-year enhancement for armed robbery while in possession of a firearm therefore violates the proportionate penalties clause of the Illinois Constitution and is unenforceable.

Separation of Powers and Double Enhancement

Because we conclude that the penalty for armed robbery while in possession of a firearm is unconstitutionally disproportionate and therefore unenforceable, we need not address whether the 15-year sentencing enhancement also violates separation of powers principles or constitutes an unlawful double enhancement.

## CONCLUSION

The judgment of the circuit court of Sangamon County is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

*Affirmed and remanded.*