(No. 91291

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JEREMY DEVENNY, Appellee.

*Opinion filed April 18, 2002.—Rehearing denied May 29, 2002.*

James E. Ryan, Attorney General, of Springfield, and Joseph E. Birkett, State's Attorney, of Wheaton (Joel D. Bertocchi, Solicitor General, and William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Mark G. Levine, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The sole issue in this case is whether the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2), (b) (West 2000)) is valid and enforceable. We hold that it is not.

## BACKGROUND

Defendant, Jeremy Devenny, was charged by indictment with robbery (720 ILCS 5/18—1 (West 2000)) and armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2) (West 2000)). Although armed robbery is classified generally as a Class X felony, subsection (b) of the armed robbery statute provides that, for armed robberies while in possession of a firearm, "15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2(b) (West 2000). Prior to trial, defendant filed a motion arguing that the 15-year sentencing enhancement both violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) and constitutes an unlawful double enhancement. The circuit court of Du Page County agreed with both of defendant's arguments, invalidated the 15-year enhancement, and dismissed the armed rob-

bery count. The State immediately appealed under Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). Because the trial court's ruling invalidates a statute of this state, the appeal was taken directly to this court. 134 Ill. 2d R. 603.

## ANALYSIS

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. *In re K.C.*, 186 Ill. 2d 542, 550 (1999). This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000). Whether a statute is constitutional is a question of law that we review *de novo*. *Malchow*, 193 Ill. 2d at 418.

This appeal is controlled by our decision *People v. Walden*, 199 Ill. 2d 392 (2002). In *Walden*, this court concluded that the 15-year sentencing enhancement for armed robbery while in possession of a firearm violates the proportionate penalties clause of the Illinois Constitution and therefore is unenforceable. *Walden*, 199 Ill. 2d at 397. Given the identity of issue between this appeal and *Walden*, we hold that the trial court's order invalidating the 15-year enhancement in this case was proper.

## CONCLUSION

The judgment of the circuit court of Du Page County is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

*Affirmed and remanded.*