(No. 90958)

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SAUL GARCIA, Appellee.

*Opinion filed April 18, 2002.—Rehearing denied May 29, 2002.*

HARRISON, C.J., joined by KILBRIDE, J., specially concurring.

James E. Ryan, Attorney General, of Springfield, and Meg Gorecki, State's Attorney, of St. Charles (Joel D. Bertocchi, Solicitor General, and William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

Fred M. Morelli, Jr., of Morelli & Cook, of Aurora, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The primary issue in this case is whether the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2), (b) (West 2000)) is valid and enforceable. We hold that it is not.

## BACKGROUND

Defendant, Saul Garcia, was charged with several offenses, including armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2) (West 2000)). Although armed robbery is classified generally as a Class X felony, subsection (b) of the armed robbery statute provides that, for armed robberies while in possession of a firearm, "15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2(b) (West 2000). Prior to trial, defendant filed a motion arguing that the 15-year sentencing enhancement violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The circuit court of Kane County agreed with defendant's argument and invalidated the 15-year enhancement. The State immediately appealed under Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), construing the trial court's order as an effective dismissal of the portion of the indictment charging defendant with armed robbery while in possession of a firearm. Because the trial court's ruling invalidates a statute of this state, the appeal was taken directly to this court. 134 Ill. 2d R. 603.

## ANALYSIS

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. *In re K.C.*, 186 Ill. 2d 542, 550 (1999).

This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000). Whether a statute is constitutional is a question of law that we review *de novo. Malchow*, 193 Ill. 2d at 418.

This appeal is controlled by our decision *People v. Walden*, 199 Ill. 2d 392 (2002). In *Walden*, this court concluded that the 15-year sentencing enhancement for armed robbery while in possession of a firearm violates the proportionate penalties clause of the Illinois Constitution and therefore is unenforceable. *Walden*, 199 Ill. 2d at 397. Given the identity of issue between this appeal and *Walden*, we hold that the trial court's order invalidating the 15-year enhancement in this case was proper.

By way of a cross-appeal, defendant seeks dismissal of the charges against him on the grounds that the delay occasioned by this appeal has denied him his rights under the speedy-trial provisions of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 2000)). In making this argument, defendant overlooks Supreme Court Rule 604(a)(4), which provides:

> "The time during which an appeal by the State is pending *is not counted* for the purpose of determining whether an accused is entitled to discharge under section 103—5 of the Code of Criminal Procedure of 1963." (Emphasis added.) 145 Ill. 2d R. 604(a)(4).

We therefore conclude that defendant's speedy-trial argument is wholly without merit.

## CONCLUSION

The judgment of the circuit court of Kane County is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

*Affirmed and remanded.*

CHIEF JUSTICE HARRISON, specially concurring:

Garcia was charged by information in the circuit court of Kane County with armed robbery in violation of section 18—2(a) of the Criminal Code of 1961 (720 ILCS 5/18—2(a) (West 2000)) and with three other offenses in connection with the February 1, 2000, attack on and robbery of Gwen Flores. The information was superceded by a grand jury indictment charging the same offenses. Prior to trial, Garcia moved to declare the sentencing portion of the armed robbery statute, section 18—2(b) (720 ILCS 5/18—2(b) (West 2000)), unconstitutional. His motion was granted. This appeal by the State followed.

The armed robbery statute formerly provided that "[a] person commits armed robbery when he or she violates [the robbery statute] while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18—2(a) (West 1996). The statute further provided that armed robbery was a Class X felony. 720 ILCS 5/18—2(b) (West 1996).

The terms of the statute were amended by Public Act 91—404, which took effect January 1, 2000. Under the amended version of the law, there are now four different subcategories of the offense. What differentiates those subcategories is whether the dangerous weapon with which the person was armed during the robbery was a firearm, and, if so, whether the firearm was discharged and, if discharged, whether "great bodily harm, permanent disability, permanent disfigurement, or death" was proximately caused thereby to another person. 720 ILCS 5/18—2(a)(1) through (a)(4) (West 2000).

The significance of the categorization pertains to sentencing. All subcategories remain Class X felonies, but subsection (b) of the statute, as amended, mandates the imposition of additional years of imprisonment where the weapon involved in the armed robbery was a firearm. If the weapon was a firearm, the offense is a Class X felony "for which 15 years shall be added to the term of

imprisonment imposed by the court." 720 ILCS 5/18—2(b) (West 2000). If the weapon was a firearm and was personally discharged by the offender, the offense is a Class X felony "for which 20 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2(b) (West 2000). Finally, if the weapon was a firearm and was personally discharged by the offender and "great bodily harm, permanent disability, permanent disfigurement, or death to another person" was proximately caused thereby, the offense is a Class X felony "for which 25 years *** shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2(a)(4), (b) (West 2000).

Garcia does not take issue with subsection (a) of the statute (720 ILCS 5/18—2(a) (West 2000)), which creates the four new subcategories of armed robbery. Garcia's challenge pertains exclusively to the extended-term sentencing provisions in subsection (b) (720 ILCS 5/18—2(b) (West 2000)). According to Garcia, those sentencing provisions violate the proportionate penalties clause of the Illinois Constitution, which provides that "[a]ll penalties shall be determined *** according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11.

The circuit court found Garcia's contention meritorious and based its order declaring the sentencing provisions unconstitutional on the proportionate penalties clause. In urging that the circuit court's order be upheld, Garcia renews his proportionate penalties challenge. He further argues, however, that the sentencing provisions are unconstitutional for the additional reason that they violate due process in that they fail to "set a fixed maximum sentence for the crime" and utilize an impermissible double enhancement.

In addition to advancing his substantive claims, Garcia seeks to uphold the circuit court's ruling by arguing that it is not appealable by the State under our Rule

604(a)(1) (188 Ill. 2d R. 604(a)(1)), because it did not have the substantive effect of dismissing the armed robbery charge, as Rule 604(a)(1) requires. In Garcia's view, the ruling by the circuit court merely invalidated the enhanced sentencing provisions of that statute. The State's ability to prosecute him for armed robbery in violation of section 18—2(a)(2) of the Criminal Code of 1961 (720 ILCS 5/18—2(a)(2) (West 2000)) remains unimpeded.

This argument is well taken. Unlike *People v. Walden*, 199 Ill. 2d 392 (2002), and *People v. Devenny*, 199 Ill. 2d 398 (2002), the defendant here did not move to dismiss the charges against him, and the circuit court's order did not invalidate the entire statute. All Garcia sought and all the circuit court granted was a declaration that the enhanced sentencing provisions of the statute were invalid. Accordingly, the circuit court's order did not have the substantive effect of dismissing the charge. The underlying prosecution remains pending. The State is simply precluded from seeking imposition of an enhanced sentence in the event Garcia is convicted.

Whether the State may appeal a nonfinal order entered by the circuit court in a criminal case is determined exclusively by Rule 604(a)(1) (188 Ill. 2d R. 604(a)(1)). *People v. Truitt*, 175 Ill. 2d 148, 151 (1997). The order entered by the circuit court in this case, which merely precludes the State from seeking a certain sentence, does not fall within any of the provisions of that rule. The State therefore has no right to appeal the order to this or any court of review, and its appeal should have been dismissed for lack of *jurisdiction. People v. Ruiz*, 194 Ill. 2d 454, 465 (2000) (Harrison, C.J., dissenting).

Although this issue was presented to our court, my colleagues rejected it without explanation in an order entered prior to oral argument. Having taken that ac-

tion, the court subsequently assumed that it was free to consider the appeal on the merits. I note, however, that even if we had jurisdiction to entertain the State's appeal, which we do not, there is a separate impediment to our consideration whether the circuit court acted properly in upholding Garcia's challenge: that challenge is premature. Unlike the defendants in *Walden* and *Devenny*, whose armed robbery charges were dismissed, Garcia is still awaiting trial. He is presumed innocent and may never be subject to the penalty provisions he contests. That is fatal to his claim, for unless and until there is an adjudication of guilty and imposition of sentence, our court can make no pronouncement concerning the reasonableness of the penalties attached to a statute. That is so because any such a pronouncement would be rendered gratuitous by a subsequent adjudication of not guilty. *People v. Matkovick*, 101 Ill. 2d 268, 277 (1984), citing *People v. Haron*, 85 Ill. 2d 261, 280 (1981). The circuit court should therefore have denied Garcia's motion to invalidate the challenged sentencing provisions, and the validity of those provisions should not have been addressed by our court on appeal.

In *People v. Lewis*, 175 Ill. 2d 412 (1996), which was subsequently followed in *People v. Davis*, 177 Ill. 2d 495 (1997), our court did consider the proportionality of criminal penalties where the defendant had not yet been convicted. In those cases, however, the defect in the penalties was so intertwined with the offenses charged that the prosecutions could not go forward. Once the circuit court found the penalty provisions invalid, it dismissed the charges. Once the charges were dismissed, there was nothing more to be done. The matter was at an end. Accordingly, a review of the penalties' validity by our court was not subject to challenge on the grounds that it was premature. Unlike the present case, where the prosecution of the defendant remains pending, there

were no circumstances in which a ruling by this court could later have been rendered advisory.

In addition, the decision in *Lewis*, which was the predicate for *Davis*, overlooked our prior decisions in *People v. Matkovick*, 101 Ill. 2d 268, 277 (1984), and *People v. Haron*, 85 Ill. 2d 261, 280 (1981). Instead, it invoked *People v. Bailey*, 167 Ill. 2d 210 (1995), *People v. Farmer*, 165 Ill. 2d 194 (1995), *People v. Johns*, 153 Ill. 2d 436 (1992), and *People v. Hamm*, 149 Ill. 2d 201 (1992). Although those cases did consider proportionality issues where the defendant had not yet gone to trial, none of them purported to take up the question of whether a defendant should be permitted to challenge a sentencing scheme where he has yet to be found guilty. The issue was simply not addressed.[1] Because a judicial opinion is authority only for what is actually decided (*Board of Governors of State Colleges & Universities for Chicago State University v. Illinois Fair Employment Practices Comm'n*, 78 Ill. 2d 143, 149 (1979)), those cases were not proper precedent for the principle for which *Lewis* cited them.

There is a cogent policy against overruling cases by implication (*Anderson v. Brown*, 340 Ill. App. 613, 622 (1950)), and we would have had no reason to depart from that policy with respect to *Matkovick* or *Haron*. The holding in those cases that a court should not address the constitutionality of sentencing provisions where the defendant still faces trial and has not yet been found guilty is a sound one. That is so for two reasons. First, as noted in *Matkovick* and *Haron*, a subsequent adjudication of

---

[1]The same is true of *People v. Miller*, 171 Ill. 2d 330 (1996), *People v. Espinoza*, 184 Ill. 2d 252 (1998), and *People v. Lombardi*, 184 Ill. 2d 462 (1998). Sentencing proportionality issues were taken up in those cases, but our court gave no consideration to whether review of those issues was premature under *Matkovick* and *Haron*. The issue was not raised or decided.

not guilty would render any pronouncement by our court gratuitous. Second, allowing a defendant to challenge a sentencing statute before he has been found guilty is contrary to the principles that a court should address the constitutionality of a statute only when doing so is essential to the disposition of a case and should avoid declaring legislation unconstitutional if the case does not require it. See *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 408 (1997). *Matkovick* and *Haron* therefore remain good law. To the extent that *Lewis* and *Davis* conflict with those decisions, they should be overruled.

Adherence to *Matkovick* and *Haron* would not foreclose Garcia from challenging the constitutionality of the extended-term sentencing provisions in section 18—2(b) of the Criminal Code of 1961 (720 ILCS 5/18—2(b) (West 2000)). If Garcia were ultimately found guilty and given a sentence he believed to be unconstitutional, he could file a motion to challenge the constitutionality of the sentencing statute at that time. If his motion were denied, he could appeal the final judgment to the appellate court pursuant to Supreme Court Rules 602 and 603 (134 Ill. 2d Rs. 602, 603).

Although I cannot sanction the majority's disregard of these matters, I nevertheless believe that immediate intervention by our court is appropriate under the facts of this case. In *Walden* and *Devenny*, which were not flawed by the problems attendant to this case, our court properly reached the merits of the challenged statutory provisions and found them to be unconstitutional. The rule announced in those cases applies to all pending cases, including this one. The provisions invalidated in *Walden* and *Devenny* can no longer be enforced against any defendant by any court in Illinois. Accordingly, in the exercise of our general supervisory authority, we

should enter an order directing the circuit court to dismiss the armed robbery charge against Garcia.[2]

JUSTICE KILBRIDE joins in this special concurrence.

---

[2]The relief granted by the majority is not only technically improper, it is insufficient. Because the order of the circuit court in this case merely declared the enhanced sentencing provisions unconstitutional, the underlying armed robbery charge remains pending. As a result, merely affirming the circuit court's order will not afford Garcia the same relief received by the defendants in *Walden* and *Devenny*, who had the charges against them dismissed.