Docket No. 91085–Agenda 15–September 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALVARO BLANCO, Appellee.

Opinion filed April 18, 2002.

JUSTICE THOMAS delivered the opinion of the court:

The sole issue in this case is whether the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)) is valid and enforceable. We hold that it is not.

BACKGROUND

This is a companion case to 
People v. Garcia
, No. 90958 (April 18, 2002). Like Garcia, this defendant, Alvaro Blanco, was charged with several offenses, including armed robbery while in possession of a firearm (720 ILCS 5/18–2(a)(2) (West 2000)). Although armed robbery is classified generally as a Class X felony, subsection (b) of the armed robbery statute provides that, for armed robberies while in possession of a firearm, “15 years shall be added to the term of imprisonment imposed by the court.” 720 ILCS 5/18–2(b) (West 2000). Prior to trial, defendant filed a motion arguing that the 15-year sentencing enhancement violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). The circuit court of Kane County agreed with defendant’s argument and invalidated the 15-year enhancement. The State immediately appealed under Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), construing the trial court’s order as an effective dismissal of the portion of the indictment charging defendant with armed robbery while in possession of a firearm. Because the trial court’s ruling invalidates a statute of this state, the appeal was taken directly to this court. 134 Ill. 2d R. 603.

ANALYSIS

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. 
In re K.C.
, 186 Ill. 2d 542, 550 (1999). This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done. 
People v. Malchow
, 193 Ill. 2d 413, 418 (2000). Whether a statute is constitutional is a question of law that we review 
de novo
. 
Malchow
, 193 Ill. 2d at 418.

This appeal is controlled by our decision 
People v. Walden
, No. 90976 (April 18, 2002). In 
Walden
, this court concluded that the 15-year sentencing enhancement for armed robbery while in possession of a firearm violates the proportionate penalties clause of the Illinois Constitution and therefore is unenforceable. 
Walden
, slip op. at 5. Given the identity of issue between this appeal and 
Walden
, we hold that the trial court’s order invalidating the 15-year enhancement in this case was proper.

CONCLUSION

The judgment of the circuit court of Kane County is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed and remanded
.

CHIEF JUSTICE HARRISON, specially concurring:

Defendant, Alvaro Blanco, is one of Saul Garcia’s codefendants in the criminal proceedings arising out of the February 1, 2000, attack on and robbery of Gwen Flores. See 
People v. Garcia
, No. 90958 (April 18, 2002). As was the case with Garcia, Blanco was charged by information with armed robbery in violation of section 18–2(a) of the Criminal Code of 1961 (720 ILCS 5/18–2(a) (West 2000)) and with three other offenses.

Prior to trial, Blanco’s attorney filed a motion seeking to have the armed robbery statute declared unconstitutional. Although his motion cited subsection (a) of the statute, which sets forth the substantive elements of the offense, Blanco’s challenge was actually directed solely against subsection (b)  (720 ILCS 5/18–2(b) (West 2000)), which contains the law’s penalty provisions. 

Blanco’s motion was argued in a consolidated hearing together with similar motions filed by Garcia
 and by a third defendant, Pashalis Mitridis. Following that hearing, the circuit court entered an order identical to the one it issued in Garcia’s case, ruling that subsection (b) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). As in Garcia’s case, the State then appealed under Rule 604(a)(1) (188 Ill. 2d R. 604(a)(1)) on the theory that the substantive effect of the trial court’s ruling was to dismiss the armed robbery charge. Because the court’s ruling involved a declaration that a portion of the armed robbery statute was unconstitutional, the appeal was taken directly to our court. 134 Ill. 2d R. 603.

The State’s appeal in this case suffers from the same jurisdictional impediment present in Garcia’s case. 
People v. Garcia
, No. 90958 (April 18, 2002) (Harrison, C.J., specially concurring). In addition, as in Garcia’s case, all charges against Blanco remain pending, including the armed robbery charge, and he has yet to stand trial. His challenge to the sentencing provisions of the armed robbery statute is therefore premature, and his motion to have those provisions declared unconstitutional should have been denied by the circuit court.  Nevertheless, for the reasons set forth in my special concurrence in 
People v. Garcia
, No. 90958 (April 18, 2002),  the armed robbery charges against Blanco are no longer viable.  In the wake of this court’s rulings in 
People v. Walden
, No. 90976 (April 18, 2002), and 
People v. Devenny
, No. 91291 (April 18, 2002), and in the exercise of this court’s supervisory authority, the matter should therefore be remanded to the circuit court with directions that the portion of the information charging Blanco with armed robbery be dismissed.

JUSTICE KILBRIDE joins in this special concurrence.