THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH A. HAUSCHILD, Defendant-Appellant.

Second District No. 2—03—0857

Opinion filed March 8, 2006.

Thomas A. Lilien and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

John A. Barsanti, State's Attorney, of St. Charles (Stephen E. Norris and Patrick D. Daly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Following a jury trial in the circuit court of Kane County, defendant, Joseph A. Hauschild, was found guilty of attempted first-

degree murder, home invasion, armed robbery, aggravated battery with a firearm, and criminal damage to property. The trial court merged the aggravated-battery-with-a-firearm conviction into the attempted-first-degree-murder conviction. The court then sentenced defendant to consecutive sentences of 35 years' imprisonment for home invasion, 18 years' imprisonment for attempted first-degree murder, and 12 years' imprisonment for armed robbery. In addition, the court imposed a concurrent term of two years' imprisonment for criminal damage to property. Defendant appealed, challenging his convictions of home invasion, armed robbery, and criminal damage to property. Defendant also asked us to reduce his sentences, which he characterized as excessive.

On October 5, 2005, this court filed its opinion. *People v. Hauschild*, No. 2—03—0857 (October 5, 2005). We affirmed defendant's conviction of criminal damage to property. However, invoking the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), we reversed defendant's convictions of armed robbery and home invasion and vacated the sentences imposed for those offenses. At the time we decided defendant's appeal, Illinois courts evaluated proportionate-penalties challenges in three distinct ways. See *People v. Moss*, 206 Ill. 2d 503, 522 (2003), *overruled by People v. Sharpe*, 216 Ill. 2d 481, 516-23 (2005); *People v. Walden*, 199 Ill. 2d 392, 394 (2002), *overruled by Sharpe*, 216 Ill. 2d at 516-23. First, a penalty would violate the proportionate-penalties clause if it was cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. Second, a penalty would violate the proportionate-penalties clause where similar offenses were compared and conduct that created a less serious threat to the public health and safety was punished more severely. Finally, a penalty would violate the proportionate-penalties clause where offenses with identical elements were given different sentences. Using the second method, which is commonly referred to as cross-comparison analysis, we determined that the penalties imposed for the home-invasion and armed-robbery offenses with which defendant was charged violated the proportionate-penalties clause. *Hauschild*, slip op. at 9-10, 21-22. We further determined that the penalties were not severable from the substantive offenses. *Hauschild*, slip op. at 10-15, 24. Thus, we reversed defendant's convictions of those two offenses and vacated the sentences imposed thereon. *Hauschild*, slip op. at 16, 24. However, at defendant's request, we supplanted his conviction of armed robbery with a conviction of simple robbery and remanded the cause for resentencing. *Hauschild*, slip op. at 16. In light of our decision to remand the cause for resentencing, we did not address defendant's ad-

ditional claim that his sentence was excessive. *Hauschild*, slip op. at 27.

On October 6, 2005, our supreme court decided *Sharpe*, 216 Ill. 2d 481. In *Sharpe*, the supreme court abandoned cross-comparison analysis. *Sharpe*, 216 Ill. 2d at 516-21; see also *People v. Guevara*, 216 Ill. 2d 533, 543-45 (2005). The *Sharpe* court characterized cross-comparison analysis as "problematic" and "unworkable" (*Sharpe*, 216 Ill. 2d at 519) and concluded that a defendant may no longer challenge a penalty under the proportionate-penalties clause by comparing it to the penalty for an offense with different elements (*Sharpe*, 216 Ill. 2d at 521). The court, however, left intact the other two types of proportionate-penalties analysis. *Sharpe*, 216 Ill. 2d at 521-22.

In light of *Sharpe*, the State filed a petition for rehearing. Defendant filed an answer to the petition, and the State then filed a reply. We now grant the State's petition for rehearing, withdraw our October 5, 2005, opinion, and issue this opinion in its stead. For the reasons that follow, we affirm defendant's convictions, vacate his sentences for armed robbery and attempted first-degree murder, and remand the cause to the trial court for resentencing on those two convictions.

## I. BACKGROUND

During the early morning hours of August 14, 2001, two intruders, both of whom were carrying firearms, broke into the Wright residence in unincorporated St. Charles. The intruders entered the master bedroom of the home, where Thomas Wright and his wife Wendy were awoken. Mr. Wright initially complied with the intruders' demands. However, a struggle later ensued between Mr. Wright and one of the intruders. During the struggle, several rounds of ammunition were fired. The intruders eventually fled the scene carrying a lockbox. Mr. Wright sustained multiple gunshot wounds, requiring several surgeries as well as an extended period of hospitalization and rehabilitation. The Wrights' dog was also struck by a bullet.

Defendant and Ethan Warden were implicated in the crime. On September 14, 2001, a Kane County grand jury returned a six-count indictment against defendant. Count I of the indictment charged defendant with attempted first-degree murder (720 ILCS 5/8—4(a), 9—1(a)(1) (West 2000)). Count II charged defendant with armed robbery (720 ILCS 5/18—2(a)(4) (West 2000)). Counts III and IV charged defendant with home invasion (720 ILCS 5/12—11(a)(3), (a)(5) (West 2000)). Count V charged defendant with aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 2000)). Count VI charged defendant with criminal damage to property (720 ILCS 5/21—1(d)

(West 2000))). Warden was charged with identical offenses. However, he entered into a plea agreement with the State. The terms of the plea agreement provided that the State would amend the armed-robbery charge and one of the home-invasion counts. Warden would then plead guilty to those two charges and serve consecutive sentences of six years' imprisonment for each conviction. The agreement further provided that, "upon full and successful completion by [Warden] of all conditions," including Warden's testimony against defendant, the State would nol-pros the remaining charges.

Prior to trial, defendant moved to dismiss the attempted-first-degree-murder, armed-robbery, and home-invasion charges. Defendant argued that the sentencing provisions for these offenses (720 ILCS 5/8—4(c)(1)(B) through (c)(1)(D), 18—2(b), 12—11(c) (West 2000)), which provide for a 15-year, 20-year, or 25-year-to-life sentencing enhancement based on the extent to which a firearm was involved in the commission of the offense, violate the due process, equal protection, proportionate-penalties, and separation-of-powers clauses of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§ 2, 11; art. II, § 1). The trial court denied defendant's motions with respect to the attempted-first-degree-murder and home-invasion charges, but granted defendant's motion with respect to the armed-robbery charge. Subsequently, defendant filed a motion to reconsider the trial court's ruling with respect to the attempted-first-degree-murder charge in light of the supreme court's decision in *People v. Morgan*, 203 Ill. 2d 470, 492 (2003) (finding that the sentencing ranges created by the attempted-first-degree-murder statute violate the proportionate-penalties clause of the Illinois Constitution).[1] The trial court denied the motion to reconsider but agreed that, pursuant to *Morgan*, defendant should not be subject to an enhanced sentence if convicted of attempted first-degree murder. The State then moved to amend the attempted-first-degree-murder charge in light of *Morgan*. The trial court granted the motion. In addition, as discussed in more detail below, the trial court granted the State's motions to amend the armed-robbery charge.

At defendant's trial, Warden testified that defendant recruited him to participate in the offenses with which he was charged, that defendant supplied the weapons used, and that defendant was the individual who requested the lockbox and who struggled with Mr. Wright. Defendant gave a statement to police in which he admitted supplying the weapons, but claimed that it was Warden who requested the lockbox from and struggled with Mr. Wright. The jury was given

---

[1]*Morgan* was subsequently overruled by *Sharpe*, 216 Ill. 2d at 516-23.

an accountability instruction. Ultimately, the jury returned verdicts of guilty on all charges except for one count of home invasion. The trial court merged the aggravated-battery-with-a-firearm conviction into the attempted-first-degree-murder conviction. Defendant filed various posttrial motions, which the trial court denied. Following a hearing, the trial court sentenced defendant to 15 years' imprisonment for the home-invasion conviction. The court added 20 years to the sentence for the home-invasion conviction because the jury determined that defendant "personally discharged a firearm during the commission of the offense." See 720 ILCS 5/12—11(a), (c) (West 2000). Thus, defendant received a total of 35 years' imprisonment for his conviction of home invasion. The court sentenced defendant to a consecutive 12-year sentence for armed robbery and a consecutive 18-year sentence for attempted murder. In addition, the court sentenced defendant to a concurrent term of two years' imprisonment for the conviction of criminal damage to property. The trial court denied defendant's motion to reconsider sentence, and this appeal followed.

## II. ANALYSIS

### A. Armed Robbery

Defendant first challenges his conviction of armed robbery. The offense of armed robbery is governed by section 18—2 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/18—2 (West 2000)). Prior to January 1, 2000, section 18—2 provided:

"§ 18—2. Armed robbery. (a) A person commits armed robbery when he or she violates Section 18—1 [(robbery)] while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon.

(b) Sentence.

Armed robbery is a Class X felony." 720 ILCS 5/18—2 (West 1998).

Thus, prior to January 1, 2000, armed robbery was defined as a robbery (720 ILCS 5/18—1 (West 1998) ("tak[ing] property, except a motor vehicle ***, from the person or presence of another by the use of force or by threatening the imminent use of force")) plus the added element of carrying or otherwise being armed with a "dangerous weapon." Under this statutory scheme, no matter the type of "dangerous weapon" used, all armed robberies were Class X felonies punishable by a prison term of 6 to 30 years. 720 ILCS 5/18—2 (West 1998); 730 ILCS 5/5—8—1(a)(3) (West 1998); *People v. Burge*, 254 Ill. App. 3d 85, 90 (1993) (defining the term "dangerous weapon" for purposes of the armed-robbery statute).

On January 1, 2000, Public Act 91—404 (Pub. Act 91—404, § 5,

eff. January 1, 2000) took effect. The purpose of Public Act 91—404 is "to deter the use of firearms in the commission of a felony offense." Pub. Act 91—404, § 5, eff. January 1, 2000 (codified at 720 ILCS 5/33A—1(b)(1) (West 2000)); *Moss*, 206 Ill. 2d at 514; *Morgan*, 203 Ill. 2d at 488. To that end, the legislation increased the penalties for committing certain felony offenses, including armed robbery, when the offender possesses or uses a firearm during the commission of the offense. These additional penalties are commonly referred to as the "15/20/25-to-life" sentencing provisions. See *Moss*, 206 Ill. 2d at 506. As amended by Public Act 91—404, the armed-robbery statute provided:

"§ 18—2. Armed robbery.

(a) A person commits armed robbery when he or she violates Section 18—1 [(robbery)]; and

(1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or

(2) he or she carries on or about his or her person or is otherwise armed with a firearm; or

(3) he or she, during the commission of the offense, personally discharges a firearm; or

(4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

(b) Sentence.

Armed robbery in violation of subsection (a)(1) is a Class X felony. A violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(3) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(4) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18—2 (West 2000).

Thus, under section 18—2 as amended by Public Act 91—404, the sentence imposed for a defendant convicted of armed robbery depends on whether a firearm is involved in the commission of the offense. If a firearm is involved, a defendant convicted of armed robbery is subject to an add-on sentence of 15 years, 20 years, or 25 years up to natural life, depending on the extent to which the firearm is used. 720 ILCS 5/18—2 (West 2000).

As noted above, defendant was charged by indictment on September 14, 2001, with armed robbery pursuant to section 18—2(a)(4) of the Criminal Code (720 ILCS 5/18—2(a)(4) (West 2000)). Specifically, the indictment provided:

"On or about August 14, 2001[,] Joseph A. Hauschild committed the offense of Armed Robbery, [a] Class X Felony in violation of Chapter 720, Section 5/18—2(a)(4) of the Illinois Compiled Statutes, as amended, in that said defendant, while armed with a firearm, knowingly took property of Thomas Wright, by the use of force or by threatening the imminent use of force and during the commission of the Robbery the defendant personally discharged a firearm, that proximately caused great bodily harm to Thomas Wright."

Defendant filed a motion to declare the armed-robbery statute unconstitutional and to dismiss the indictment against him. In the motion, defendant argued, *inter alia*, that section 18—2(a)(4) violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

Before the trial court ruled on defendant's motion, our supreme court decided *Walden*, 199 Ill. 2d 392. In *Walden*, the supreme court held that the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2), (b) (West 2000)) violated the proportionate-penalties clause of the Illinois Constitution. *Walden*, 199 Ill. 2d at 397; see also *People v. Blanco*, 199 Ill. 2d 410 (2002), *overruled by Sharpe*, 216 Ill. 2d at 516-23; *People v. Garcia*, 199 Ill. 2d 401 (2002), *overruled by Sharpe*, 216 Ill. 2d at 516-23; *People v. Devenny*, 199 Ill. 2d 398 (2002), *overruled by Sharpe*, 216 Ill. 2d at 516-23. Although defendant in this case was not charged with a violation of subsection (a)(2) of the armed-robbery statute (720 ILCS 5/18—2(a)(2) (West 2000)), the trial court, relying on *Walden*, determined that the 25-to-life sentence enhancement imposed for a violation of subsection (a)(4) (see 720 ILCS 5/18—2(b) (West 2000)) also violated the proportionate-penalties clause. The court, however, did not dismiss the armed-robbery charge as defendant requested. Instead, it determined that "the regular un-enhanced sentencing provisions of the armed robbery charge would apply should the Defendant be convicted of that charge."

Meanwhile, the trial court granted a motion filed by the State to amend the armed-robbery charge to delete the phrase "or by threatening the imminent use of force." After the trial court ruled on defendant's motion to declare the armed-robbery statute unconstitutional, the State filed another motion to amend the armed-robbery charge. Specifically, the State requested the deletion of the phrase "and during the commission of the Robbery the defendant personally discharged a firearm that proximately caused great bodily harm to Thomas Wright." The State contended that this language was surplusage due to the trial court's earlier ruling that the 15/20/25-to-life sentencing provision as to armed robbery was unconstitutional. The trial court agreed, stating:

"The first issue for the court to decide, I think the answer is very evident and could not be any clearer, is that personally discharges a weapon is not an element of armed robbery. It has never been an element of armed robbery. The [S]tate does not have to prove that one discharged a weapon to prove armed robbery. We all know that. The statue [sic] was enacted again so that if the trier of fact found that the person personally discharged a firearm, a greater sentence could be imposed. So it is clear to the court that that language is superfluous and unnecessary charging the armed offense in this case.

\* \* \*

And also the case law is clear \*\*\* whether a statute is declared unconstitutional, the law is very clear as a matter of law by separation of law, it reverts back to the statute that existed before the enhancement provisions before the amendments were attached.

So I find the language, 'during the commission of the robbery the defendant personally discharged a firearm to proximately cause great bodily harm to Thomas Wright,' to be superfluous and unnecessary to prove up the charge of armed robbery, so the [S]tate's motion to strike out that language is, as being unnecessary, is clearly within the realm of what the [S]tate has the right to do under the case law and that motion will be granted."

Thus, following the amendments to the armed-robbery count, the charge read as follows:

"On or about August 14, 2001[,] Joseph A. Hauschild committed the offense of Armed Robbery, [a] Class X Felony in violation of Chapter 720, Section 5/18—2(a)(4) of the Illinois Compiled Statutes, as amended, in that said defendant, while armed with a firearm, knowingly took property of Thomas Wright, by the use of force."

As discussed above, the jury found defendant guilty of this charge and the trial court sentenced defendant to a term of 12 years' imprisonment.

At the outset, we note that the count charging defendant with armed robbery, as amended, included a citation to subsection (a)(4) of the armed-robbery statute (720 ILCS 5/18—2(a)(4) (West 2002)). However, defendant asserts, and the State does not dispute, that the amended count actually charged a violation of subsection (a)(2) of the armed-robbery statute (720 ILCS 5/18—2(a)(2) (West 2002)) because it alleged that defendant committed armed robbery "while armed with a firearm." We agree that, despite the reference to subsection (a)(4) of the armed-robbery statute, the amended armed-robbery charge actually alleged a violation of subsection (a)(2).

In his opening brief in this appeal, defendant argued that his conviction of armed robbery must be reversed because he was found

guilty of an offense that did not exist at the time of trial. Defendant's argument was premised on our supreme court's decision in *Walden*, 199 Ill. 2d 392. In *Walden*, the supreme court employed cross-comparison proportionate-penalties review to compare the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2), (b) (West 2000)), with the penalty for armed violence predicated on aggravated robbery (720 ILCS 5/18—5(a), 33A—2(a) (West 2000)). *Walden*, 199 Ill. 2d at 394-95.

Cross-comparison proportionate-penalties review involves a two-step analysis. *Sharpe*, 216 Ill. 2d at 507. First, the court must determine whether the statutes being compared have related purposes. *Sharpe*, 216 Ill. 2d at 507. If the court determines that the statutes have related purposes, then the next step is to determine which offense is more serious and if the less serious offense is punished more severely. *Sharpe*, 216 Ill. 2d at 507. Using this analysis, the *Walden* court determined that the statutory provisions at issue shared a common statutory purpose, *i.e.*, to deter the use of firearms in the commission of felonies. *Walden*, 199 Ill. 2d at 396. The court then decided that armed violence predicated on aggravated robbery is the more serious offense because it, unlike armed robbery while in possession of a firearm, requires the offender to inform the victim that he or she is presently armed with a firearm, thus increasing the risk of violence. *Walden*, 199 Ill. 2d at 396-97. The court then noted that armed robbery while in possession of a firearm is a Class X felony that, with the 15-year sentencing enhancement, carries a sentence of 21 to 45 years' imprisonment whereas armed violence predicated on aggravated robbery is a Class X felony that carries a sentence of 10 to 30 years' imprisonment depending on the type of firearm used. *Walden*, 199 Ill. 2d at 397. Because the less serious offense was punished more severely, the court found that the 15-year enhancement for armed robbery while in possession of a firearm violated the proportionate-penalties clause of the Illinois Constitution. *Walden*, 199 Ill. 2d at 397.

In our original decision, we adopted defendant's claim that he was convicted of a crime that did not exist. *Hauschild*, slip op. at 9-10. We employed a two-step analysis. First, relying on *Walden*, we noted that the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18—2(a)(2), (b) (West 2000)) violates the proportionate-penalties clause of the Illinois Constitution. *Hauschild*, slip op. at 9-10. Then, relying on our previous decision in *People v. Andrews*, 358 Ill. App. 3d 744 (2005), *supervisory order issued*, 217 Ill. 2d 605 (2006), we held that the enhanced penalty imposed for a violation of subsection (a)(2) of the armed-robbery statute was not severable from the substantive offense. *Hauschild*, slip op. at 10-15.

Thus, we vacated defendant's conviction of armed robbery. At defendant's request, we then supplanted the conviction of armed robbery with a conviction of simple robbery.

One day after we issued our original decision in this case, our supreme court decided *Sharpe*. In *Sharpe*, the supreme court overruled all cases that had used cross-comparison proportionate-penalties analysis. *Sharpe*, 216 Ill. 2d at 516-23. As cross-comparison proportionate-penalties review is no longer part of our jurisprudence, the *Walden* decision no longer supports a finding that the 15-year sentencing enhancement for armed robbery while in possession of a firearm violates the proportionate-penalties clause of the Illinois Constitution. *Sharpe*, 216 Ill. 2d at 516-23; *Guevara*, 216 Ill. 2d at 544; *People v. Hampton*, 363 Ill. App. 3d 293 (2005); *People v. Brown*, 362 Ill. App. 3d 374 (2005).

In his answer to the State's petition for rehearing, defendant argues that, despite the fact that his proportionate-penalties claim is no longer subject to cross-comparison analysis, his armed-robbery conviction should still be reversed. Defendant points out that Illinois courts still allow some types of proportionate-penalties challenges. See *Sharpe*, 216 Ill. 2d at 521. He contends that the penalty for a violation of subsection (a)(2) of the armed-robbery statute (720 ILCS 5/18—2(a)(2), (b) (West 2000)) is unconstitutionally disproportionate to the penalty for armed violence predicated on robbery, an offense involving identical elements. Defendant acknowledges that he did not raise a proportionate-penalties challenge under the identical-elements test in his opening brief in this appeal. Nevertheless, he claims that he "should not be faulted for failing to anticipate the holding in *Sharpe*" and notes that a constitutional challenge to a statute may be raised at any time.

With respect to the issue of waiver, we agree that defendant cannot anticipate new holdings from the supreme court. Nevertheless, there was nothing to prevent defendant from raising a proportionate-penalties challenge under the identical-elements test in his opening brief in this appeal. Defendant, for whatever reason, simply opted not to challenge his conviction of armed robbery on this basis. Generally, under these circumstances, we would consider this argument waived. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001 ("Points not argued [in appellant's opening brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"); *Anderson v. First American Group of Companies, Inc.*, 353 Ill. App. 3d 403, 415 (2004). However, it is equally true that a constitutional challenge to a statute may be raised at any time. *People v. Christy*, 139 Ill. 2d 172, 176 (1990) (addressing

proportionate-penalties challenge on appeal even though issue not raised in trial court). Accordingly, we will address defendant's argument.

Defendant contends that the offense of armed violence predicated on robbery while armed with a category I or category II weapon (720 ILCS 5/33A—1(c), 33A—2(a) (West 2000)) consists of the same elements as armed robbery (720 ILCS 5/18—2(a)(2) (West 2000)). Yet, defendant argues, the two offenses carry different penalties. A violation of subsection (a)(2) of the armed-robbery statute is a Class X felony punishable by a prison term of 21 to 45 years (720 ILCS 5/18—2(b) (West 2000); 730 ILCS 5/5—8—1(a)(3) (West Supp. 2001)). In contrast, armed violence predicated on robbery while armed with a category I weapon is a Class X felony that carries a mandatory minimum sentence of 15 years' imprisonment (720 ILCS 5/33A—3(a) (West 2000)) and armed violence predicated on robbery while armed with a category II weapon is a Class X felony that carries a mandatory minimum sentence of 10 years' imprisonment (720 ILCS 5/33A—3(a—5) (West 2000)). In support of his position, defendant cites to *People v. Lewis*, 175 Ill. 2d 412 (1996), and *People v. Hampton*, 363 Ill. App. 3d 293 (2005).

In *Lewis*, the defendant was charged with robbery, armed robbery, and armed violence predicated on robbery committed with a category I weapon. Prior to trial, the defendant moved to dismiss the armed-violence charge on the basis of a proportionate-penalties violation. The trial court agreed, and our supreme court affirmed. *Lewis*, 175 Ill. 2d at 414, 424. The supreme court noted that both armed robbery and armed violence predicated on robbery with a category I weapon are substantively identical offenses, but are punished with disparate penalties. *Lewis*, 175 Ill. 2d at 418. At the time *Lewis* was decided, armed robbery was defined as the commission of a robbery while carrying or otherwise being armed with a dangerous weapon (*Lewis*, 175 Ill. 2d at 418, citing 720 ILCS 5/18—2 (West 1994)) and constituted a Class X felony punishable by a sentence ranging from 6 to 30 years' imprisonment (*Lewis*, 175 Ill. 2d at 418, citing 730 ILCS 5/5—8—1(a)(3) (West 1994)). Armed violence was defined as the commission of any felony, including robbery, while armed with a dangerous weapon (*Lewis*, 175 Ill. 2d at 418, citing 720 ILCS 5/33A—2 (West 1994)) and constituted a Class X felony punishable by a sentence ranging from 15 to 30 years' imprisonment (*Lewis*, 175 Ill. 2d at 418, citing 720 ILCS 5/33A—3(a) (West 1994)).[2] In concluding, the supreme court stated:

"Because the mandatory minimum penalty for armed violence

---

[2]At the time that the events in *Lewis* occurred, the 15/20/25-to-life

predicated on robbery committed with a category I weapon violates the constitutional guarantee of proportionate sentencing, the State's Attorney had no authority to charge that offense." *Lewis*, 175 Ill. 2d at 423.

In *Hampton*, the defendant was convicted of, among other things, four counts of aggravated criminal sexual assault (720 ILCS 5/12— 14(a)(8) (West 2002)). Because the defendant was in possession of a firearm during the commission of these offenses, the defendant was subject to a 15-year sentencing enhancement. *Hampton*, 363 Ill. App. 3d at 305. On appeal, the defendant argued that his sentences for aggravated criminal sexual assault violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Specifically, the defendant, invoking the identical-elements branch of proportionate-penalties review, contended that the penalty for aggravated criminal sexual assault while armed with a firearm (Class X felony punishable by 21 to 45 years' imprisonment) was unconstitutionally disproportionate to the penalty for armed violence predicated on criminal sexual assault with a category I weapon (Class X felony punishable by 15 to 30 years' imprisonment).[3] Relying on *Christy*, 139 Ill. 2d 172 (holding that the penalty for the offense of armed violence predicated on kidnaping was unconstitutionally disproportionate to the penalty for aggravated kidnaping because both offenses share identical elements, yet the penalty for the former is more severe than the penalty for the latter), and *Lewis*, the *Hampton* court agreed. *Hampton*, 363 Ill. App. 3d at 306-07.

The State, citing *People v. Cummings*, 351 Ill. App. 3d 343 (2004), argues that defendant's identical-elements proportionality challenge

---

sentencing provisions were not in effect. Thus, as the parties note, *Lewis* presented the "mirror image" of this case. That is, at the time that *Lewis* was decided, the armed-violence count carried a more severe mandatory minimum term of imprisonment (15 years) than the armed-robbery count (six years). See *Lewis*, 175 Ill. 2d at 415. With the promulgation of the 15/20/25-to-life sentencing provisions, the opposite became true. Armed robbery while in possession of a firearm carries a mandatory minimum term of 21 years' imprisonment (720 ILCS 5/18—2(b) (West 2000); 730 ILCS 5/5—8—1(a)(3) (West Supp. 2001)) while armed violence carries a mandatory minimum prison term of less than 21 years (see 720 ILCS 5/33A—3(a) (West 2000) (armed violence while armed with a category I weapon carries a mandatory minimum prison term of 15 years); 720 ILCS 5/33A—3(a—5) (West 2000) (armed violence while armed with a category II weapon carries a mandatory minimum prison term of 10 years)).

[3]Although it is not entirely clear from the disposition, it does not appear that the defendant in *Hampton* was charged with armed violence.

must fail. In *Cummings*, the defendant was convicted of armed robbery. Although the defendant was neither convicted of nor charged with an armed-violence offense, he asserted on appeal that armed robbery (Class X felony punishable by a term of 6 to 30 years' imprisonment) and armed violence predicated on robbery committed with a category III weapon (Class 2 felony punishable by a term of three to seven years' imprisonment) are identical offenses that carry disproportionate-penalties. In support of his position, defendant relied on *Christy* and *Lewis*.

The *Cummings* court rejected the defendant's proportionality challenge. With respect to the defendant's reliance on *Christy* and *Lewis*, the court stated:

"We find both of these cases distinguishable in significant respects. First, in each case, the court found that the penalty for a lesser charge was disproportionately enhanced to a penalty more severe than for a greater offense by application of the armed violence statute. In *Lewis*, the court dismissed the armed violence predicated on robbery charge. The disproportionality occurred because the penalty for robbery was, through application of the armed violence statute, being increased beyond the penalty of the greater offense of armed robbery. Similarly, in *Christy*, the court vacated the armed violence conviction as disproportionate. When the armed violence statute was applied, the penalty for kidnapping was increased beyond the penalty for the greater offense of aggravated kidnapping." *Cummings*, 351 Ill. App. 3d at 347.

The court noted that unlike the defendants in *Christy* and *Lewis*, the defendant was not charged with the lesser offense of armed violence or robbery. *Cummings*, 351 Ill. App. 3d at 347. Instead, the State opted to charge the defendant with the greater offense of armed robbery. *Cummings*, 351 Ill. App. 3d at 347. The court held that the State was not required to proceed on a lesser offense when its evidence was sufficient to support a conviction of a greater offense. *Cummings*, 351 Ill. App. 3d at 347-48. Relevant here, the court also determined that the State was not authorized to charge the defendant with armed violence because (1) armed robbery cannot form the basis for a charge of armed violence (see 720 ILCS 5/33A—2(a) (West 2000) (excluding armed robbery from the range of felonies that can form the basis for an armed-violence charge)) and (2) the *Lewis* decision foreclosed the State from charging a defendant with armed violence predicated on robbery. *Cummings*, 351 Ill. App. 3d at 349.

■ Under the circumstances present in this case, we find *Cummings* more persuasive than *Hampton*. The *Hampton* court agreed with the proposition set forth in *Cummings* that the State need not

proceed on a lesser offense when there is sufficient evidence to convict of a greater offense, but disagreed that the constitutional prohibition against disproportionate penalties for identical crimes may be relaxed where the State decides to proceed only with the crime carrying a greater penalty. *Hampton*, 363 Ill. App. 3d at 308. We need not determine whether we agree with this latter statement, as the facts in *Hampton* are distinguishable from those in this case and *Cummings*. When *Hampton* was decided, the supreme court had not previously declared that the State was without authority to charge a defendant with armed violence predicated on criminal sexual assault. Thus, at the time the defendant in *Hampton* was charged, the State had the authority to charge the defendant with either aggravated criminal sexual assault while armed with a firearm *or* armed violence predicated on criminal sexual assault. However, as the *Cummings* court noted, our supreme court has expressly held that the State is without authority to charge a defendant with armed violence predicated on robbery. *Cummings*, 351 Ill. App. 3d at 349, citing *Lewis*, 175 Ill. 2d at 423. Consequently, in this case, the State could not charge defendant with a count of armed violence predicated on robbery. Stated differently, following the supreme court's decision in *Lewis*, the offense of armed violence predicated on robbery ceased to exist. Since the offense ceased to exist, it could not be used as a basis to conduct a proportionate-penalties analysis. In conclusion, we reject defendant's argument that the penalty for armed violence predicated on robbery while armed with a category I or category II weapon is unconstitutionally disproportionate to the penalty for armed robbery and affirm defendant's conviction of armed robbery.

## B. Home Invasion

Defendant next challenges his conviction of home invasion. Public Act 91—404 (Pub. Act 91—404, § 5, eff. January 1, 2000) added the 15/20/25-to-life sentencing provision to the home-invasion statute. Here, defendant was charged with two counts of home invasion. Count III of the indictment charged defendant with a violation of subsection (a)(3) of the home-invasion statute (720 ILCS 5/12—11(a)(3) (West 2000)) in that defendant:

> "not [being] a peace officer acting in the line of duty, knowingly and without authority, entered a dwelling place of another, Thomas Wright, when he knew or had reason to know that one or more persons were present within such dwelling place, and the defendant, while armed with a firearm, used force upon Thomas Wright, a person within such dwelling place, by shooting him with a gun."

A defendant convicted of subsection (a)(3) is subject to a mandatory add-on sentence of 15 years. 720 ILCS 5/12—11(c) (West 2000). Count

IV of the indictment charged that defendant violated subsection (a)(5) of the home-invasion statute (720 ILCS 5/12—11(a)(5) (West 2000)) in that defendant:

> "not [being] a peace officer acting in the line of duty, knowingly and without authority, entered a dwelling place of another, Thomas Wright, when he knew or had reason to know that one or more persons were present within such dwelling place, and the defendant, personally discharged a firearm that proximately caused great bodily harm to Thomas Wright, a person within such dwelling place."

A defendant convicted of a violation of subsection (a)(5) is subject to a mandatory add-on sentence of 25 years to natural life. 720 ILCS 5/12—11(c) (West 2000). At the State's request, the jury was also given the option of finding defendant guilty of subsection (a)(4) of the home-invasion statute (720 ILCS 5/12—11(a)(4) (West 2000)), which requires proof that defendant used force and personally discharged a firearm. A defendant convicted of a violation of subsection (a)(4) is subject to a mandatory add-on sentence of 20 years. 720 ILCS 5/12—11(c) (West 2000). Ultimately, the jury found defendant guilty of violating subsection (a)(4). The trial court sentenced defendant to a total of 35 years' imprisonment on the home-invasion conviction. This sentence included a 15-year sentence plus a 20-year enhancement because the jury found that defendant personally discharged a firearm during the commission of the offense.

■ In his opening brief on appeal, defendant, citing *Moss*, 206 Ill. 2d 503, and *People v. Dryden*, 349 Ill. App. 3d 115 (2004), *vacated*, 217 Ill. 2d 575 (2005), suggested that subsection (a)(4) of the home-invasion statute violates the proportionate-penalties clause of the Illinois Constitution. Defendant's challenge centered on a comparison of the penalty for a violation of subsection (a)(4) of the home-invasion statute with the penalty for an offense with different elements. As noted above, in *Sharpe*, 216 Ill. 2d at 516-23, the supreme court abandoned this type of analysis. In *Guevara*, the supreme court, relying on *Sharpe*, expressly concluded that the 15-year sentencing enhancement that accompanies the offense of home invasion with a firearm does not violate the proportionate-penalties clause of the Illinois Constitution. *Guevara*, 216 Ill. 2d at 544-45. In his answer to the State's petition for rehearing, defendant concedes that pursuant to *Guevara*, the sentencing enhancement scheme for home invasion is constitutional. Defendant does not challenge the penalty for a violation of subsection (a)(4) of the home-invasion statute under either of the remaining branches of proportionate-penalties analysis. Accordingly, we affirm defendant's conviction of home invasion.

## C. Criminal Damage to Property

Defendant next challenges his conviction of criminal damage to property. Defendant was charged with a violation of subsection (1)(d) of the criminal-damage-to-property statute (720 ILCS 5/21—1(1)(d) (West 2000)) in that he:

"knowingly injured a domestic animal of Thomas Wright; to wit: a Labrador retriever [sic], without Thomas Wright's consent, by shooting said Labrador retriever [sic] with a gun, thereby causing more than $300.00 in damage."

Defendant claims that the State failed to prove the requisite mental state for the commission of this offense. According to defendant, the State presented no evidence that either he or Warden knew that the dog was in the bedroom when the shooting occurred, let alone that they intended or knew that the dog would be hit. A criminal conviction will not be overturned on appeal if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Anderson*, 188 Ill. 2d 384, 392 (1999). However, without proof of the mental state, a conviction cannot be sustained. *People v. Pinta*, 210 Ill. App. 3d 1071, 1078 (1991).

■ When an offense is defined in terms of a particular result, as is the criminal-damage-to-property charge in this case, an individual is said to act knowingly when he is consciously aware that his conduct is practically certain to cause the result. 720 ILCS 5/4—5(b) (West 2000); *People v. Hall*, 273 Ill. App. 3d 838, 842 (1995). Whether an individual acted knowingly in injuring a domestic animal is, due to its nature, often proved by circumstantial evidence, rather than by direct proof. See *Hall*, 273 Ill. App. 3d at 842. The State asserts that, under the circumstances of this case, one may infer that defendant knowingly injured the Wrights' dog. We agree.

■ While there may not have been any direct evidence that defendant or Warden knew that the dog remained in the bedroom during the shooting or that defendant or Warden knew that the dog would be struck by a bullet, there was circumstantial evidence on these points. Mr. Wright testified that on the evening of August 13, 2001, he went to bed at about midnight. At that time, Mr. Wright observed the family dog sleeping at the foot of the bed. Both defendant and Warden testified that they heard a dog bark once inside the Wright residence. Moreover, in his statement to the police, defendant stated that when he and Warden entered the Wrights' bedroom, a dog was present. Mrs. Wright denied that the dog would have awoken and walked into the hallway. The evidence at trial further indicated that the bedroom was "pitch black" and that a struggle ensued between Mr. Wright and

defendant. According to Warden, the struggle began at the foot of the bed but took Mr. Wright and defendant "all over the place." Warden further testified that, during the struggle, defendant shot at Mr. Wright, and Warden shot in the "general direction" of defendant and Mr. Wright. From this evidence, it was not unreasonable for the jury to conclude that defendant or Warden knew that the dog remained in the bedroom during the shooting. Furthermore, given the chaotic environment, it was not unreasonable for the jury to conclude that defendant or Warden knew that blindly discharging multiple gunshots was "practically certain" to injure the animal.

## D. Sentencing Issues

### 1. Home Invasion

■ Defendant contests his 35-year sentence for home invasion. Defendant contends that his sentence is excessive in light of his youth, his lack of violent criminal history, his remorse, and the disparity between his sentence and that of the sentence given to Warden. Defendant urges us to exercise our power under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)) and reduce the sentence to a term of 26 years, the minimum term available. Alternatively, defendant asks us to remand the cause for a new sentencing hearing on this conviction.

Recently, in *People v. Hay*, 362 Ill. App. 3d 459 (2005), we succinctly stated the law applicable to a defendant's claim that his sentence is excessive:

"The trial court has great discretion in imposing a sentence; consequently, a sentence within the statutory range will not be reduced on appeal absent an abuse of discretion. [Citation.] The trial court should carefully weigh any aggravating and mitigating factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age, in an effort to arrive at a fair and just result. [Citation.] Generally, the trial court is in a better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of an individual case. [Citation.] Thus, a sentence within the statutory limits will not be deemed excessive unless it was greatly at variance with the spirit and the purpose of the law or manifestly disproportionate to the nature of the offense. [Citation.]" *Hay*, 362 Ill. App. 3d at 468-69.

In this case, defendant was convicted of the offense of home invasion during which he personally discharged a firearm. 720 ILCS 5/12—11(a)(4) (West 2000). Home invasion is a Class X felony. 720 ILCS 5/12—11(c) (West 2000). Generally, a Class X felony is punishable by a prison term of between 6 and 30 years. 730 ILCS 5/5—8—1(a)(3) (West

2000). However, the home-invasion statute specifies that a defendant convicted of a violation of subsection (a)(4) shall have 20 years added to the term of imprisonment imposed by the trial court. 720 ILCS 5/12—11(c) (West 2000). Thus, a defendant convicted of home invasion during which he personally discharges a firearm is subject to a prison term of between 26 and 50 years. Here, the trial court sentenced defendant to a term of 35 years' imprisonment, a sentence toward the lower end of the permissible range.

In arriving at the sentence imposed in this case, the trial court considered the presentence report, the financial impact of incarceration, the evidence presented at trial, the parties' arguments at the sentencing hearing, and defendant's statement of allocution. The trial court also considered the evidence in mitigation and aggravation. In mitigation, the court noted that defendant's conduct was somewhat facilitated by his codefendant. In aggravation, the court found that defendant had a prior history of delinquency, that a sentence of imprisonment was necessary to deter others from committing the same crimes, and that defendant was on probation at the time he committed the crimes in this case. The trial court also considered defendant's age, his dysfunctional childhood, and his drug use. The court determined that defendant's difficult childhood and his experimentation with drugs did not justify or explain his actions. In addition, the court determined that several factors indicated that defendant's potential for rehabilitation was minimal. For instance, defendant's psychological report indicated that he is unable to internalize societal rules and norms and that he has limited insight into his own behavior. The court also pointed out that defendant did not take responsibility for his behavior, often blaming external forces for his conduct, and that he was on juvenile probation for a number of offenses, including burglary and residential burglary, at the time of the instant offenses. Based on this evidence, we cannot say that the sentence imposed by the trial court is excessive

Defendant also contends that his sentence was inappropriate when compared to the sentence imposed on Warden. Warden pleaded guilty to multiple offenses as part of a plea agreement and was sentenced to two consecutive six-year terms, one of which was for the offense of home invasion. Defendant was convicted of various offenses following trial. He was sentenced to 35 years' imprisonment for home invasion. In announcing defendant's sentence, the trial court acknowledged the difference between Warden's sentence and defendant's sentence. However, the court determined that defendant and Warden were not similarly situated.

Our supreme court has stated that a sentence imposed on a

codefendant who pleaded guilty as part of a plea agreement does not provide a valid basis of comparison to a sentence entered after a trial. *People v. Caballero*, 179 Ill. 2d 205, 217 (1997). The *Caballero* court stated that dispositional concessions are properly granted to defendants who plead guilty when the interest of the public in the effective administration of criminal justice would be served. *Caballero*, 179 Ill. 2d at 218. In *Caballero*, for instance, codefendant Aviles agreed to plead guilty and testify against codefendant LaBoy. The supreme court noted that by pleading guilty, Aviles: (1) acknowledged his guilt and showed willingness to assume responsibility for his conduct; (2) made a public trial unnecessary; and (3) gave cooperation that resulted in the successful prosecution of another offender engaged in equally serious or more serious criminal conduct. *Caballero*, 179 Ill. 2d at 218. Likewise, in this case, Walden, by agreeing to plead guilty and by testifying against defendant, acknowledged his guilt and showed willingness to assume responsibility for his conduct, made a public trial unnecessary, and gave cooperation that resulted in the successful prosecution of another offender engaged in equally serious or more serious criminal conduct.

Defendant acknowledges the rule set forth in *Caballero*, but argues that the rule should not be applied "blindly or mechanically." He asserts that the application of the general rule in this case would be contrary to the interests of justice. According to defendant, the State did not need Warden's testimony to convict him. Rather, Warden received dispositional concessions, including the reduction of his charges, simply because the State wanted to bolster its chances of convincing the jury that defendant personally fired the shots that struck Mr. Wright, a theory that the jury ultimately rejected. We are not persuaded by these arguments.

First, defendant's argument that the State did not need Warden's testimony to convict him is pure speculation. Second, while Warden was obviously not an unwilling participant in these crimes, even defendant concedes that the record provides a basis for punishing him more severely than Warden. Defendant openly acknowledges that the idea for the crimes "may have originated with [him]." Defendant also admits that he is older than Warden and that he supplied both the guns and the vehicle used to commit the offenses. These crucial differences, plus the fact that Warden pleaded guilty as part of a plea agreement, warrant the distinction between Warden's sentence and defendant's sentence. Accordingly, we affirm defendant's sentence for home invasion.

### 2. Armed Robbery and Attempted First-Degree Murder

■ The State asks us to remand this cause to the trial court so

that it may impose the "statutorily correct" sentences for defendant's armed-robbery and attempted-first-degree-murder convictions. According to the State, we should instruct the trial court on remand to simply add the sentencing enhancements directly to the terms of imprisonment already imposed. The State points out that the trial court did not enhance the sentence for either of these convictions. Relying on authority from our supreme court, the trial court determined that the penalty enhancements for armed robbery and attempted first-degree murder violated the proportionate-penalties clause. See *Morgan*, 203 Ill. 2d 470; *Walden*, 199 Ill. 2d 392. The State notes that the proportionate-penalties challenges presented in *Morgan* and *Walden* were based on a cross-comparison analysis. *Morgan*, 203 Ill. 2d at 491-92; *Walden*, 199 Ill. 2d at 394. Both *Morgan* and *Walden* were later overruled, when the supreme court abandoned cross-comparison analysis. *Sharpe*, 216 Ill. 2d at 516-23. The result of the *Sharpe* ruling, the State asserts, is to render void defendant's sentences for armed robbery and attempted first-degree murder because they do not include the statutorily mandated enhancements. In support of this position, the State cites *People v. Arna*, 168 Ill. 2d 107 (1995).

Defendant does not dispute that the result of the *Sharpe* ruling is to render void his sentences for armed robbery and attempted first-degree murder. However, he disagrees with the State that the proper remedy in this instance is to remand the cause to the trial court with instructions to add the statutory enhancements to the sentences already imposed by the trial court. Defendant argues that the proper remedy is to remand the cause to the trial court for an entirely new sentencing hearing on the armed-robbery and attempted-first-degree-murder convictions. We agree with defendant.

In *Arna*, the defendant was convicted of two counts of attempted first-degree murder. The trial court sentenced the defendant to 30 years' imprisonment on one count and 45 years' imprisonment on the other count. The trial court ordered the sentences to run concurrently. On appeal, the defendant challenged his convictions, but neither he nor the State objected to the concurrent nature of the defendant's sentences. The appellate court affirmed the defendant's convictions. In addition, the court determined, *sua sponte*, that consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5—8—4(a) (West 1992)). The appellate court therefore vacated the defendant's sentences and remanded the cause to the trial court "for determination of the 'appropriate sentences to be imposed consecutively.' " *Arna*, 168 Ill. 2d at 112. Our supreme court held that it was within the ap-

pellate court's authority to remand the cause to the trial court with directions to impose consecutive sentences. *Arna*, 168 Ill. 2d at 112-13. The court reasoned that because each of the requirements for mandatory consecutive sentences was satisfied, the imposition of concurrent sentences did not conform to a statutory requirement and was void. *Arna*, 168 Ill. 2d at 112-13.

In *People v. Garcia*, 179 Ill. 2d 55 (1997), each of the defendants was convicted of numerous crimes related to a gang rape. In sentencing the defendants, the trial court imposed concurrent sentences. The appellate court concluded that the defendants' sentences were void because the imposition of concurrent sentences violated section 5—8—4(a) of the Corrections Code. Accordingly, the appellate court vacated the defendants' sentences and remanded the cause to the trial court for resentencing. Thereafter, the defendants filed petitions for leave to appeal to the supreme court. The supreme court affirmed the decision of the appellate court on the basis that the trial court's imposition of concurrent sentences in certain instances where consecutive sentences were mandated rendered the defendants' sentences void. *Garcia*, 179 Ill. 2d at 73.

In *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393 (2001), the State brought an original action for *mandamus* to compel the trial court, pursuant to section 5—8—4(b) of the Corrections Code (720 ILCS 5/5—8—4(b) (West 1998)), to impose consecutive, rather than concurrent, sentences upon the defendant. The supreme court granted the *mandamus* claim, holding that because the imposition of consecutive sentences was mandatory, the trial court's decision to sentence the defendant to concurrent sentences rendered the sentences void. *McKoski*, 195 Ill. 2d at 400-02. The court vacated the judgment of the trial court and directed the court to resentence the defendant to consecutive sentences. *McKoski*, 195 Ill. 2d at 402. In addition, the court stated that "[i]t remains within the discretion of the circuit court to determine, within the permissible statutory sentencing range [citations], the length of each sentence to be imposed." *McKoski*, 195 Ill. 2d at 402.

Defendant asserts that if the State were correct in contending that the proper remedy for the trial court's failure to abide by a mandatory sentencing provision is for the reviewing court to direct the trial court to simply impose the mandatory sentencing provision without disturbing the existing sentences, the supreme court in *Arna*, *Garcia*, and *McKoski* simply would have remanded the causes to the trial court with directions that the concurrent sentences run consecutively. However, the court did not do so. Rather, the defendants' sentences were vacated and the causes were remanded to the trial court for

resentencing. *McKoski*, 195 Ill. 2d at 402; *Garcia*, 179 Ill. 2d at 57, 75; *Arna*, 168 Ill. 2d at 111-12, 115. Indeed, this remedy is consistent with the State's claim that the sentences imposed for defendant's convictions of armed robbery and attempted first-degree murder are void. A void sentence has no legal effect. *Garcia*, 179 Ill. 2d at 73, quoting *People v. Roth, Inc.*, 412 Ill. 446, 450 (1952). Without a valid sentence, there is no sentence upon which to append the statutorily-mandated sentencing enhancement. See *Garcia*, 179 Ill. 2d at 73. Accordingly, we vacate defendant's sentences for armed robbery and attempted first-degree murder and remand the cause to the trial court to resentence defendant in compliance with the sentencing provisions applicable to these offenses. 720 ILCS 5/8—4(c), 18—2(b) (West 2000); 730 ILCS 5/5—8—1(a)(3) (West 2000).

### 3. Consecutive Sentences

In his answer to the State's petition for rehearing, defendant raises a new sentencing issue. Defendant argues that, on remand, the trial court should be instructed that, pursuant to section 5—8—4 of the Corrections Code (730 ILCS 5/5—8—4 (West Supp. 2001)), mandatory consecutive sentences are not required for all three of his Class X felony convictions. The State asserts that addressing defendant's request would constitute an advisory opinion. Nevertheless, in order to guide the trial court on remand and to promote judicial economy, we elect to address defendant's concern. See *People v. Curry*, 178 Ill. 2d 509, 537 (1997) (addressing similar request on the basis that the defendant "may be tried and sentenced again").

The manner in which multiple sentences run is governed by section 5—8—4 of the Corrections Code (730 ILCS 5/5—8—4 (West Supp. 2001)). Currently, that provision provides in relevant part:

"§ 5—8—4. Concurrent and Consecutive Terms of Imprisonment.

(a) When multiple sentences of imprisonment are imposed on a defendant at the same time *** the sentences shall run concurrently or consecutively as determined by the court. *** The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless:

(i) one of the offenses for which defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or

(ii) the defendant was convicted of a violation of Section 12—13, 12—14, or 12—14.1 of the Criminal Code of 1961[.]" 730 ILCS 5/5—8—4(a) (West Supp. 2001).

In this case, the trial court imposed consecutive terms of imprison-

ment for attempted first-degree murder, home invasion, and armed robbery. The basis set forth in the record by the trial court for the imposition of consecutive sentences is threefold. First, the court determined that the offenses occurred during a single course of conduct during which there was no substantial change in the nature of the criminal objective. Second, the court determined that the offenses of which defendant was convicted were Class X felonies (see 720 ILCS 5/8—4(c)(1), 12—11(c), 18—2(b) (West 2000); *People v. Perkins*, 274 Ill. App. 3d 834, 836-39 (1995) (treating attempted first-degree murder as a Class X felony for purposes of consecutive sentencing)). Finally, the court determined that either defendant or his codefendant had inflicted severe bodily injury upon Mr. Wright during the commission of the offenses.

■ Defendant concedes that consecutive sentences are appropriate in this case. He also concedes that each of his convictions of attempted first-degree murder, home invasion, and armed robbery qualifies as a triggering offense under section 5—8—4(a)(i) of the Corrections Code. However, he notes that subsection (a)(i) is triggered when "one of the offenses" is a Class X or Class 1 felony and the defendant inflicted "severe bodily injury" during the commission of that felony. Thus, he argues that only one of his three qualifying Class X convictions may be treated as a triggering offense. Under defendant's interpretation of the statute, two of his three Class X felonies would run concurrently to each other, but consecutively to the third Class X felony. We disagree with defendant's interpretation of the statute.

In *Curry*, 178 Ill. 2d 509, the supreme court, interpreting a predecessor to the current version of section 5—8—4(a) of the Corrections Code (730 ILCS 5/5—8—4(a) (West 1992)), had occasion to address which sentences are to be made consecutive under the statute. In *Curry*, the defendant was convicted of one count of residential burglary (720 ILCS 5/19—3 (West 1992)) and two counts of criminal sexual assault (720 ILCS 5/12—13(a)(2) (West 1992)). The trial court, relying on section 5—8—4(a) of the Corrections Code, sentenced the defendant to three consecutive terms of four years' imprisonment. The appellate court affirmed the defendant's convictions and sentences. The defendant then appealed to the supreme court. For reasons not relevant here, the supreme court remanded the cause for a new trial. *Curry*, 178 Ill. 2d at 536-37. In addition, the court addressed the defendant's claim that the trial court erred in imposing consecutive sentences on all three of his convictions. *Curry*, 178 Ill. 2d at 537. The court determined that consecutive sentences are mandatory only for those offenses that trigger the application of section 5—8—4(a). *Curry*, 178 Ill. 2d at 538-39. The court reasoned that the

triggering offenses listed in section 5—8—4(a) "are crimes of a singular nature, involving 'particularly serious invasions of the person,' " and that the legislature sought to punish the commission of triggering offenses more severely than the commission of other crimes. *Curry*, 178 Ill. 2d at 538, quoting *People v. Toliver*, 251 Ill. App. 3d 1092, 1100 (1993).

In this case, the trial court found, and defendant concedes, that his convictions of attempted first-degree murder, armed robbery, and home invasion all qualify as triggering convictions under section 5—8—4(a) of the Corrections Code. Accordingly, pursuant to *Curry*, defendant's sentences for these three convictions must run consecutively.

Defendant argues, however, that the provision at issue here, subsection (a)(i), differs from the provision at issue in *Curry*. According to defendant, the portion of the statute addressed in *Curry* mandated consecutive sentences for specific sex offenses. In contrast, defendant contends, the plain language of subsection (a)(i) indicates that a conviction of only "one" Class X felony involving severe bodily injury is sufficient to trigger the statute. Therefore, defendant reasons, although each of his convictions of home invasion, attempted first-degree murder, and armed robbery would qualify as a triggering offense under subsection (a)(i), only one of those convictions may be treated as a triggering offense. We disagree for two reasons. First, although the triggering offenses in *Curry* were sex offenses, there is no language in *Curry* limiting its holding to such cases. Rather, the *Curry* court speaks in general terms about section 5—8—4(a) without any such limiting language. *Curry*, 178 Ill. 2d at 537-38. Second, the provision at issue in *Curry* provided that the court shall not impose consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless " 'one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of *a* violation of Section 12—13 *** or 12—14 *** of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively.' " (Emphasis added.) *Curry*, 178 Ill. 2d at 519, quoting 730 ILCS 5/5—8—4(a) (West 1992). Thus, contrary to defendant's contention, the provision of the statute that mandates consecutive sentences for specific sex crimes also references a single offense. Nevertheless, the supreme court in *Curry* held that multiple sentences for these crimes are to run consecutively. *Curry*, 168 Ill. 2d at 538-39.

Defendant further argues that the language of subsection (a)(i) is

"at least ambiguous" and that any ambiguity must be construed in his favor. See *People v. Whitney*, 188 Ill. 2d 91, 98 (1999). In support of this contention, defendant again emphasizes the language in section 5—8—4(a) that specifies that the trial court shall not impose consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective unless "*one* of the offenses for which defendant was convicted was *** a Class X or Class 1 felony and the defendant inflicted severe bodily injury." (Emphasis added.) 730 ILCS 5/5—8—4(a)(i) (West Supp. 2001). Defendant asserts that construing the ambiguity in his favor, only one of his sentences for home invasion, attempted first-degree murder, and armed robbery may be ordered to run consecutively to the other sentences. We disagree.

When presented with an issue of statutory construction, it is our role to ascertain and give effect to the intent of the legislature. *Whitney*, 188 Ill. 2d at 97. The best indicator of legislative intent is the language of the statute, which is to be given its plain and ordinary meaning. *Whitney*, 188 Ill. 2d at 97. Where statutory language is ambiguous a court may consider extrinsic aids of construction, such as legislative history, to resolve the ambiguity and determine legislative intent. *Whitney*, 188 Ill. 2d at 97-98. A statute is ambiguous only if it is subject to two or more reasonable interpretations. *People v. Donoho*, 204 Ill. 2d 159, 172 (2003).

For the purposes of our discussion, we will assume that the portion of section 5—8—4(a)(i) cited by defendant is ambiguous. In *Whitney*, the supreme court resolved a statutory ambiguity in the defendant's favor only after it determined that the language of the statute was ambiguous and an examination of the legislative history failed to shed any light on the ambiguity. *Whitney*, 188 Ill. 2d at 98-99. In *Curry*, the supreme court determined that in enacting section 5—8—4(a), the legislature intended to "punish the commission of triggering offenses more harshly than the commission of other crimes." *Curry*, 178 Ill. 2d at 538; see also *People v. Palmer*, 218 Ill. 2d 148, 168 (2006); *Palmer*, 218 Ill. 2d at 172 (Garman, J., concurring in part and dissenting in part) (opining that a defendant convicted of five Class X felonies accompanied by severe bodily injury must be ordered to serve all five sentences consecutively). This finding is supported by an examination of the legislative debates. See, *e.g.*, 90th Ill. Gen. Assem., House Proceedings, April 14, 1997, at 224 (statements of Representatives Pugh and Brosnahan) (noting that an individual who commits three residential burglaries in one night is eligible for consecutive sentences where the offenses are accompanied by severe bodily injury). Adopting defendant's interpretation of the statute would thwart this

legislative intent. Accordingly, we hold that, on remand, the trial court shall order the sentences for all triggering offenses to run consecutively pursuant to section 5—8—4(a).

## III. CONCLUSION

For the reasons set forth above, we affirm all of defendant's convictions. We vacate defendant's sentences for armed robbery and attempted first-degree murder, and remand the cause to the trial court for resentencing on those offenses. We affirm the remainder of defendant's sentences.

Affirmed in part and vacated in part; cause remanded with directions.

McLAREN and GILLERAN JOHNSON, JJ., concur.